**Hervey**
**v.**
**Normandy Development Co.**
*[Cite as 2 AOA 617]*

*Case No. 89-A-1433*
*Ashtabula County, (11th)*
*Decided March 16, 1990*

R.C. 2305.10

*Martin L. Sandel, Esq., Mark L. Behnke, Esq. 1717 Bond Court Building, Cleveland, Ohio 44114, (For Plaintiff-Appellant).*

*Nicholas D. Satullo, Esq., The 113 St. Clair Building, Cleveland, Ohio 44114-1273, (For Third Party Defendant-Appellee).*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Ashtabula County, Ohio from a summary judgment in favor of third party defendant-appellee, Champion International Corp.

On January 21, 1983, the plaintiff-appellant, Kathryn Hervey, filed suit in order to recover for personal injuries she suffered as a result of the presence of formaldehyde in her mobile home. The suit named the mobile home's manufacturer and retailer as defendants.

Subsequently, on September 24, 1985, the trial court allowed the original defendants to file a third party complaint against the appellee, Champion International Corp. ("Champion"). Champion was the supplier of the flooring used in the appellant's mobile home, and said flooring was allegedly one of the sources of the formaldehyde.

On February 20, 1986, the appellant sought leave to file an amended complaint naming Champion as an additional party defendant. The trial court granted the appellant's motion. On October 22, 1986, Champion moved for summary judgment on the appellant's claims based upon the statute of limitations, R.C. 2305.10.

The trial court granted summary judgment on March 16, 1988 in favor of Champion. The appellant settled her suit with the other defendants on February 16, 1989, and thereafter timely filed a notice of appeal with respect to the summary judgment that Champion received.

Appellant sets forth one assignment of error, as follows:

"The trial court erred to the prejudice of plaintiff-appellant in granting defendant Champion's motion for summary judgment based upon the statute of limitations."

The parties agree that the two-year statute of limitations contained in R.C. 2305.10 is the applicable statute of limitations section. In pertinent part, that section states:

"An action for bodily injury *** shall be brought within two years after the cause thereof arose."

The parties agree that in August 1982, appellant first discovered she had sustained injuries which may have been caused by the formaldehyde emissions within her mobile home. Under her assignment of error, appellant argues that because of the discovery rule, the two-year statute of limitations was tolled until she discovered the identity of the appellee, Champion. However, the appellee argues that the two-year period began to run when the appellant first discovered her injury, and it would be contrary to the purpose of any statute of limitations to allow an injured party an indefinite period of time to discover who may be responsible for the injury in question. Appellee argues the appellant knew of her injury, as well as the cause thereof, no later than August of 1982. The appellant did not suspect the appellee was involved until July 1984. The appellee was not named as a new party defendant until February of 1986. The instant cause turns, therefore, on which party's interpretation of the discovery rule is correct.

The trial court determined that the time period in which an injured party had to discover who caused the injury was not meant to be unlimited. In its opinion granting the appellee summary judgment, at pages 3-4, the trial court stated:

"The plaintiff filed her Fourth Amended Complaint on February 20, 1986, naming Champion as a new party defendant. That complaint was filed three and a half years after the plaintiff had discovered her formaldehyde-related injury. It therefore appears that her action against defendant Champion did not fall within the two-year statute of limitations required by R. C. Section 2305.10 despite application of the 'discovery rule'.

"***

"Plaintiff's *** argument why Champion should not be dismissed is more compelling, however, it also falls short. The gist of this argument is that plaintiff's original complaint against Normandy Development was timely filed, and that plaintiff has been unable to specifically identify the manufacturer of the component parts until recently. In essence, they argue that the running of the statute of limitations should be tolled until they are able

to determine the exact identity of the parties that may be responsible.

"There is no case law to support the plaintiff's position in this matter. Under the 'discovery rule' in Ohio, an injured party has two years from discovering the injury to file a claim against the party liable. That two-year period is provided so that the injured party has ample time to identify responsible parties and to evaluate his legal claim. To allow a claim to be filed upon discovery of the liable parties no matter how long that takes, would completely destroy the purpose and function of Ohio's statute of limitations. Prejudice to the defendants would be enormous if claims could be filed against them five or ten years after an incident occurred. Evidence would be lost and memories clouded, not to mention the disasterous (sic) effect on the liability insurance system. In short, if the legislature had intended to allow the delaying of filing a claim until all liable parties could be identified, they would have included such a provision in the statute."

Under the facts of the instant case, we find the lower court's decision was well reasoned. The appellant relies heavily on the decision by the Ohio Supreme Court in the case of *O'Stricker* v. *Jim Walter Corp.* (1983), 4 Ohio St. 3d 84, but the facts are distinguishable from those in the case *sub judice.* *O'Stricker* was concerned with the situation where a plaintiff may not discover an injury until long after it was actually inflicted due to the prolonged latency period of certain kinds of cancer. Discovering the identity of the defendant was not an issue in *O'Stricker,* whereas, in the present case, it is the central issue.

The thrust of the *O'Stricker* opinion can be found in the following language, at pages 89-90:

"Accordingly, having in view the underlying rationale for statutes of limitations and the equities and public policy appropriate in such latent disease cases, this court believes a liberal interpretation of the time of accrual is appropriate in this and all actions alleging the infliction of bodily injury which only manifests itself at a point subsequent to the alleged negligent conduct of defendant.

"Having determined that plaintiff's cause 'arose' at some time after his exposure to asbestos, it remains to formulate the appropriate rule of accrual. In doing so, this court has the benefit of the many other decisions reached in similar cases in other jurisdictions. ***

"Applying this 'discovery rule' to the instant case, it is apparent that the action was not extinguished under the unamended statute of limitations. Accordingly, the amended statute of limitations, adopting this 'discovery rule' for asbestos claims, is applicable to plaintiff's claim. Since plaintiff brought his action within two years of being informed by competent medical authority that he had been injured by exposure to asbestos, the action was timely brought. ***"

Discovery of a defendant's identity is a different matter from diseases with long latency periods that do not manifest themselves until long after exposure. There, the plaintiff has *no control* as to when he can discover his cause of action. However, when one is speaking of the identity of a potential defendant, that is a problem that is inherent in every claim a plaintiff may have.

Appellant further argues that she was obstructed from discovering the identity of Champion because other defendants did not reveal Champion's identity. She points out that defendants refused to answer appellant's interrogatories for fourteen months, and that it was finally necessary for appellant to file motions to compel before other defendants responded to the discovery request. And that finally, in response to an interrogatory, defendant, Holly Park Homes, Inc., replied that it believed Champion was the supplier.

The investigation of this matter, and the identity of Champion as a potential defendant, should have occurred within two years of August 1982. That is when appellant became aware of her claim, and that is when the statutory investigation period for the particulars of her claim began. Appellant cannot now point to those efforts by interrogatories as a reason to elongate the statute of limitations.

Many other means of investigation could have been pursued. Appellant cites the case of *Meyers* v. *Larreategui* 1986), 31 Ohio App. 3d 161. There, a plaintiff-patient was totally unaware that there was an assistant surgeon in the operation over which he later sued his doctor. It was only upon later discovery of the surgeon's notes that the plaintiff learned that someone assisted the physician at all. That case is distinguishable from the instant case. In *Meyers,* the plaintiff did not know that there was another defendant. In the instant case, the appellant knew or should have known that there was a manufacturer of component parts but simply did not exercise the requisite investigation between August 1982 and August 1984 in order to discover Champion's identity.

Under the facts of this case, the policy reasons which underlie statutes of limitations would be frustrated by appellant's argument. Within the framework of the facts herein, appellant cannot simply disclaim knowledge of appellee Champion's identity and let the statute of limitations languish until appellant's discovery of the identity by means which she chooses to use.

For the foregoing reasons we find the trial court's judgment correct and, accordingly, overrule appellant's assignment of error.

*Judgment affirmed.*

CHRISTLEY, P. J.,
FORD, J., Concur.