OPINION
{¶ 1} Appellant, Thomas Zidow, appeals from a judgment entry of the Trumbull County Central Court, granting summary judgment in favor of appellee, Commercial Investment Associates, Inc. For the following reasons, we reverse the judgment of the trial court and remand this matter for further proceedings.
 {¶ 2} The record establishes the following tortured procedural history. On April 25, 2002, appellee filed a complaint in the Trumbull County Central Court, naming appellant, Rory Dean ("Rory"), and Amy Dean ("Amy") as defendants. Attached to the complaint was a loan and security agreement executed by appellee and Dean's Cortland Car Corral, Inc. Pursuant to the loan and security agreement, appellee acted as the lendor while Dean's Cortland Car Corral, Inc., acted as the lendee. Appellant, Rory, and Amy were named the personal guarantors of the loan, on behalf of Dean's Cortland Car Corral, Inc.
 {¶ 3} The complaint alleged that Dean's Cortland Car Corral, Inc.'s, default under the loan and security agreement resulted in damages. Thus, appellee requested damages from the defendants, as personal guarantors, in the amount of $10,975.69. Amy filed a timely answer to appellee's complaint. Appellant and Rory failed to file answers.
 {¶ 4} On June 5, 2002, appellee filed a motion for summary judgment which only named Amy as the adverse nonmoving party. Shortly thereafter, on June 19, 2005, appellee filed a motion for default judgment against appellant and Rory. In response, appellant filed a July 30, 2002 motion to file an answer instanter and a copy of his answer. The trial court did not rule upon or respond to appellant's motion to file an answer instanter.
 {¶ 5} A November 6, 2002 proposed judgment entry was filed by appellee. The proposed judgment entry granted summary judgment against Amy, Rory, and appellant. However, the court did not sign the proposed judgment entry.
 {¶ 6} On November 25, 2002, apparently in response to the proposed judgment entry, appellant filed a motion for additional time for discovery. Appellant's motion argued that additional time was necessary to obtain discovery not provided by appellee. Appellee responded by arguing that no additional discovery was necessary. The response also contended that, during an August 2, 2002 hearing, the trial court afforded appellant a month to support any arguments regarding the amount due and owing.
 {¶ 7} On January 28, 2003, the court issued a judgment entry granting appellee's summary judgment against only appellant and Rory. The court's entry stated as follows:
 {¶ 8} "The court has been hesitant to award summary judgment as prayed for, as [appellant] has suggested that some payments may have been made which were not accounted for in [appellee's] claim for judgment. However, none of the defendants have provided the court with any documentation of any such payments. The defendants cannot remain silent in the face of plaintiff's summary judgment motion, and the court cannot delay its decision further."
 {¶ 9} Thus, the court awarded appellee damages in the amount of $10,975.69.
 {¶ 10} On February 25, 2003, appellee filed a motion requesting that the trial court issue a nunc pro tunc judgment entry which would include a grant of summary judgment against Amy. On August 20, 2003, the trial court issued a nunc pro tunc judgment entry clarifying that appellee's summary judgment was also awarded against Amy. Accordingly, the court stated that appellant, Rory, and Amy were jointly and severally liable in the amount of $10,975.69.
 {¶ 11} From this judgment, appellant filed a timely notice of appeal and now sets forth the following assignments of error:[1]
 {¶ 12} "[1.] The Trial Court erred by denying appellant's motion under Ohio Civil Rule 56(F).
 {¶ 13} "[2.] The Trial Court erred in granting Appellee's motion for summary judgment against Thomas Zidow."
 {¶ 14} We will discuss appellant's assignments of error in a consolidated fashion. Under his assignments of error, appellant argues that the court erred in granting summary judgment against him, as appellee's motion for summary judgment only named Amy as the adverse nonmoving party. As a result, appellant concludes that because appellee failed to file a motion for summary judgment pertaining to him individually, the court was precluded from entering summary judgment against him.
 {¶ 15} In addition, appellant argues that the court failed to notify him that the motion for default judgment was being converted to a motion for summary judgment or that he had one month to oppose the converted summary judgment. Moreover, appellant contends that the court had no authority to covert a motion for default judgment to a motion for summary judgment.
 {¶ 16} Appellee counters by arguing that during the August 2, 2002 hearing, the trial court converted the default judgment against appellant to a motion for summary judgment. Also, appellee maintains that during the hearing, the court allowed appellant to respond to the converted motion for summary judgment by August 30, 2002.
 {¶ 17} The record before us is replete with deficiencies. Namely, the court failed to reference or memorialize the August 2, 2002 hearing in any of its judgment entries. It is well-established that a lower court speaks only through its journal or judgment entries. See, e.g., Zeefe v. Zeefe (1998),125 Ohio App.3d 600, 611; Green v. S. Cent. Ambulance Dist.
(1997), 118 Ohio App.3d 24, 28. Accordingly, there is no evidence that the trial court notified appellant that appellee's motion for default judgment was being converted to a motion for summary judgment and that appellant had one month to support any arguments opposing the newly converted motion for summary judgment. Furthermore, there is no evidence that appellee made an oral motion for summary judgment against appellant.
 {¶ 18} This is further exacerbated by the court's failure to respond or rule upon appellant's motion to file an answer instanter. When a trial court fails to rule upon a motion, the reviewing court will presume that the trial court overruled the motion. Karlen v. Carfangia (June 1, 2001), 11th Dist. No. 2000-T-0081, 2001 Ohio App. LEXIS 2481, at 9. Based upon this presumption, the trial court denied appellant's motion to file an answer instanter. Apparently, appellant has yet to answer the complaint. Thus, appellee's claim that the court converted the motion for default judgment is placed in question as the absence of an answer would require default judgment rather than summary judgment.
 {¶ 19} That being said, we are unaware of any authority under the Ohio Rules of Civil Procedure or common law which would allow the court to convert a motion for default judgment into a motion for summary judgment.
 {¶ 20} Appellee cites to Tandem Staffing v. ABC AutomationPacking, Inc. (June 7, 2000), 9th Dist. No. 19774, 2000 Ohio App. LEXIS 2366, in support of his contention that the trial court properly converted the motion for default judgment to a motion for summary judgment. However, Tandem Staffing is distinguishable from the case at bar. In Tandem Staffing, the court converted a motion to dismiss to a motion for summary judgment. There is express authority under Ohio law which allows a trial court to convert a motion to dismiss to a motion for summary judgment. See, e.g., Civ.R. 12(B); Dietlebach v. OhioEdison Co., 11th Dist. No. 2004-T-0062, 2005-Ohio-4902; Altierv. Valentic, 11th Dist. No. 2003-G-2521, 2004-Ohio-5641. Again, we are unaware of any authority under Ohio law which would allow the court to convert a motion for default judgment to a motion for summary judgment. Thus, appellee's reliance upon TandemStaffing is misplaced.
 {¶ 21} Finally, appellee maintains appellant has waived any objection to the court's converted motion for summary, as he failed to object to the conversion during the lower court proceedings. Generally, a party's failure to state an objection with the lower court prohibits that party from objecting on appeal. McCullough Builders v. Waterfield Financial Corp., 11th Dist. No. 2001-L-142, 2003-Ohio-1583, at ¶ 10. However, the record fails to indicate that the court notified appellant that it was converting the motion for default judgment to a motion for summary judgment. Without such notification, appellant was precluded from issuing a timely objection. Therefore, despite the absence of an objection, appellant may object to the trial court's conversion on appeal.
 {¶ 22} In conclusion, the record fails to indicate that the court notified appellant that it was converting appellee's motion for default judgment or that he would have one month to present evidence opposing the converted summary judgment. Furthermore, the court had no authority to make such a conversion and the absence of an objection did not prohibit appellant from objecting on appeal. Thus, the court erred in granting summary judgment against appellant.
 {¶ 23} Based upon the foregoing analysis, appellant's first and second assignments of error are with merit to the limited extent indicated. We hereby reverse the judgment of the trial court and remand this matter for further proceedings consistent with our opinion.
O'Neill, J., concurs, Grendell, J., dissents with Dissenting Opinion.
[1] This matter's extensive procedural history continued on appeal. Ultimately, however, we determined that the trial court's failure to properly serve the August 20, 2003 judgment entry allowed appellant to appeal from such entry.