**OKO, Appellant,**

**v.**

**LAKE ERIE CORRECTIONAL INSTITUTION et al., Appellees.**

[Cite as *Oko v. Lake Erie Correctional Inst.*, 175 Ohio App.3d 341, 2008-Ohio-835.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 2007–A–0045.

Decided Feb. 29, 2008.

342

Michael Oko, pro se.

Reid Wargo, Ltd., and Daniel E. Perrico, for appellees.

---

DIANE V. GRENDELL, Presiding Judge.

{¶ 1} Plaintiff-appellant, Michael Oko, appeals the judgment of the Ashtabula County Court of Common Pleas, dismissing Oko's civil complaint filed against defendants-appellees, Lake Erie Correctional Institution, Sergeant Linda Obershaw, and Sergeant Denise Cox, for failure to exhaust administrative remedies.

For the following reasons, the decision of the lower court is affirmed in part and reversed in part, and the cause is remanded for further proceedings.

{¶ 2} Oko is currently serving a prison sentence at Lake Erie Correctional Institution for various convictions of drug trafficking, possession of drugs, and possession of criminal tools. See *State v. Oko*, 8th Dist. No. 87539, 2007–Ohio–538, 2007 WL 416941.

{¶ 3} On January 12, 2007, Oko filed a complaint in the Ashtabula County Court of Common Pleas, denominated Administrative Appeals from the Rules Infraction Board Lake Erie Correctional Institution ("LaECI") Agent of the Ohio Department of Rehabilitation and Correction ("ODRC"). Oko alleged that his due process rights were violated in the course of two proceedings against him by the Rules Infraction Board. In substance, Oko's complaint seeks damages for the deprivation of his constitutional rights and, thus, constitutes an action under 42 U.S.C. 1983. *Monroe v. Pape* (1961), 365 U.S. 167, 172–183, 81 S.Ct. 473, 5 L.Ed.2d 492.

{¶ 4} The complaint alleged that on October 3, 2006, the Rules Infraction Board found that Oko had violated Rule 21 ("disobedience of a direct order") and Rule 26 ("disrespect to an officer, staff member, visitor or other inmate") of the Inmate Rules of Conduct, and placed him "in segregation and fourteen days bunk restriction."

{¶ 5} The complaint further alleged that on October 5, 2006, the Rules Infraction Board found that Oko had violated Rule 39 ("Unauthorized possession, manufacture, or consumption of drugs or any intoxicating substance") and placed him "in segregation * * * 15 days" and required him to participate in "a mandatory substance abuse program upon release from segregation."

{¶ 6} Oko sought review of the Rules Infraction Board's decision with the institutional warden. On November 15, 2006, the warden denied both reviews and issued two written Warden's Decisions on Appeal. These decisions indicated that they were not "subject to further review pursuant to [Ohio Adm.Code] 5120–9–08(O)." Despite this indication, Oko requested that both decisions be reviewed by the institutional director.

{¶ 7} On March 13, 2007, with leave of the court, the defendants filed an answer to the complaint, raising, as an affirmative defense, Oko's failure to exhaust "state administrative and/or judicial remedies."

{¶ 8} On March 16, 2007, the defendants filed a motion for judgment on the pleadings, pursuant to Civ.R. 12(C), on the grounds that Oko had failed "to exhaust his administrative remedies as required by the Prison Litigation Reform Act."

{¶ 9} In his response to the defendants' motion, Oko argued that he was not required to exhaust administrative remedies and, in fact, had exhausted those remedies. Oko attached a copy of a March 27, 2007 Decision of the Director on Disciplinary Appeal, reversing the October 5, 2006 decision of the Rules Infraction Board and remanding the matter "without bar to further proceedings."

{¶ 10} On April 20, 2007, the trial court granted the defendants' motion for judgment on the pleadings.

{¶ 11} Oko timely appeals and raises the following assignments of error:

{¶ 12} "[1.] The trial court erred when it dismissed plaintiff's civil claim for failure to exhaust administrative remedies.

{¶ 13} "[2.] The trial court erred when it dismissed the complaint without rendering a ruling on plaintiff's pending motions."

{¶ 14} Civ.R. 12(C) provides as follows: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

{¶ 15} "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. * * * Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931. Accordingly, our standard of review is de novo. *Cafaro Leasing Co., Ltd. v. K–M I Assoc.*, 2006–T–0115, 2007–Ohio–6723, 2007 WL 4376251, at ¶ 19.

{¶ 16} The Prison Reform Litigation Act ("PLRA") provides as follows: "No action shall be brought with respect to prison conditions under section 183 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock* (2007), 549 U.S. 199, 127 S.Ct. 910, 918–919, 166 L.Ed.2d 798, citing *Porter v. Nussle* (2002), 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12.

{¶ 17} The basis for the trial court's judgment was that Oko had failed to exhaust his administrative remedies prior to filing the action in common pleas court. The lower court held that an appeal to the director, pursuant to Ohio Adm.Code 5120–9–08, "is the final step in the administrative remedy available to an inmate prior to filing an appeal with the court of common pleas."

{¶ 18} The Ohio Administrative Code provides as follows: "The inmate may request a review by the director of the [Rules Infraction Board] decision as affirmed or modified by the warden * * * in the following circumstances: (1) The inmate was found to have violated one of the following rules: Rules 1–6, 8, 10–12, 15–17, 24, 25, 28–34, 36–40, 45, 46, 52, 53, 55, 56, 59 or; (2) The [Rules Infraction Board] decision as affirmed by the warden refers the inmate for either a security level review to consider an increase to level 3, 4 or 5; or privilege level review to consider placement in level 4B or 5B or; (3) The decision refers the inmate to the local control committee to consider placement." Ohio Adm.Code 5120–9–08(O).

{¶ 19} The October 3, 2006 Rules Infraction Board decision did not meet the requirements for review by the director. Rules 21 and 26 are not listed under Ohio Adm.Code 5120–9–08(O)(1), and Oko was not referred for a security level review or to a local control committee. The warden's decision on appeal also stated that the decision was not subject to further review by the director. Thus, Oko had properly exhausted the available administrative remedies when the warden affirmed the October 3, 2006 Rules Infraction Board decision. The trial court erred by dismissing Oko's complaint with respect to the October 3, 2006 decision.

{¶ 20} The October 5, 2006 Rules Infraction Board decision did meet the requirements for review by the director, Rule 39 being specifically listed by Adm.Code 5120–9–08(O)(1). Although the warden's decision on appeal stated that the decision was not subject to further review by the director, Oko sought such review and obtained the reversal of the Rules Infraction Board's decision. Because review of the October 5, 2006 decision was pending at the time Oko filed the complaint in common pleas court, he failed to comply with Section 1997e(a)'s requirement that "[n]o action * * * be brought * * * until such administrative remedies as are available are exhausted." The trial court properly dismissed Oko's complaint with respect to the October 5, 2006 decision.

{¶ 21} The first assignment of error has merit with respect to the October 3, 2006 decision of the Rules Infraction Board.

{¶ 22} Under the second assignment of error, Oko argues that the trial court erred without ruling on pending motions before it. In the present case, Oko's motion for ex parte order of interim injunction against defendants and motion for default judgment were pending at the time the case was dismissed.

{¶ 23} Generally, "[w]hen a trial court fails to rule upon a motion, the reviewing court will presume that the trial court overruled the motion." *Commercial Invest. Assoc. v. Dean,* 11th Dist. No. 2004–T–0103, 2005–Ohio–6714, 2005 WL 3476660, at ¶ 18.

{¶ 24} In the present case, Oko's pending motions may properly be considered overruled. The motion for default was filed after the lower court had granted the defendants leave to file an answer and thus negated the grounds for granting default. The motion for injunction sought to stay the operation of the Rules Infraction Board's October 5, 2006 decision. As noted above, review of this decision by the director was pending at the time Oko filed his complaint, and, thus, was not properly before the lower court. Moreover, the October 5, 2006 Rules Infraction Board decision was subsequently overturned by the director. Both motions are effectively moot.

{¶ 25} Oko also argues that the trial court abused its discretion by ruling upon the motion for leave to file attached answer of defendants instanter without allowing him an opportunity to oppose the motion for leave.

{¶ 26} Ohio Civ.R. 6(B) provides that "[w]hen by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *."

{¶ 27} The Ohio Supreme Court has held that a trial court did not abuse its discretion by granting a party leave to file an answer instanter when there was no motion for default judgment pending. *Evans v. Chapman* (1986), 28 Ohio St.3d 132, 135, 28 OBR 228, 502 N.E.2d 1012. Ohio appellate courts have gone further and held that " '[w]here a party pleads before a default is entered, though out of time and without leave, if the answer is good in form and substance, a default should not be entered as long as the answer stands as part of the record.' " (Emphasis omitted.) *Faith Elec. Co. v. Kirk* (May 10, 2001), 10th App. No. 00AP–1186, 2001 WL 491754, at *2, quoting *Suki v. Blume* (1983), 9 Ohio App.3d 289, 290, 9 OBR 536, 459 N.E.2d 1311.

{¶ 28} In the present circumstances, where defendants' motion for leave was filed approximately a month after the answer was due and made the requisite showing of "excusable neglect," and where no motion for default judgment was pending, the lower court did not abuse its discretion by granting defendants' motion to plead instanter.

{¶ 29} The second assignment of error is without merit.

{¶ 30} For the foregoing reasons, the decision of the Ashtabula County Court of Common Pleas dismissing Oko's complaint is reversed with respect to the claims arising out of the October 3, 2006 decision of the Rules Infraction Board. In all other respects, the judgment of the lower court is affirmed. The cause is

remanded for further proceedings consistent with this opinion.    Costs to be taxed against the parties equally.

Judgment affirmed in part
and reversed in part,
and cause remanded.

RICE and O'TOOLE, JJ., concur.