[Cite as *Erickson v. Mgt. & Training*, 2013-Ohio-3864.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| CHRISTOPHER S. ERICKSON, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO. 2012-A-0059 |
| MANAGEMENT & TRAINING CORPORATION, et al., | : | |
| | : | |
| Defendants-Appellees. | | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2009 CV 247.

Judgment: Affirmed.

*Michael J. Drain*, 147 Bell Street, #202, Chagrin Falls, OH 44022 (For Plaintiff-Appellant).

*Adam W. Martin* and *Christina J. Marshall,* Sutter O'Connell, 3600 Erieview Tower, 1301 East 9th Street, Cleveland, OH 44114 (For Appellee-Management & Training Corporation).

*Tammy Kastre, M.D.,* pro se, First Correctional Medical-Ohio, LLC, 13000 N. Lindbergh Drive, Tucson, AZ 85755 (Appellee).

DIANE V. GRENDELL, J.

{¶1}   Plaintiff-appellant, Christopher S. Erickson, appeals the Judgment of the Ashtabula County Court of Common Pleas, granting defendant-appellee, Management & Training Corporation's, Motion for Judgment on the Pleadings and dismissing all claims against First Correctional Medical-Ohio, LLC.  The issue before this court is

whether a claim for negligent hiring/retention may be pled as a claim for breach of contract. For the following reasons, we affirm the decision of the court below.

{¶2} On February 26, 2009, Erickson filed a Complaint against Management & Training Corporation ("MTC"), First Medical Management, LLC, and John Doe, D.D.S. The Complaint alleged that, on February 27, 2008, John Doe, D.D.S., negligently performed dental services on Erickson while he was incarcerated at Lake Erie Correctional Institution, which was operated by MTC by contract with the State of Ohio. The Complaint further alleged that the services were rendered "on behalf of Defendant Management & Training Corporation and/or Defendant First Medical Management LLC, either as an independent contractor, employee, or agent of Defendant Training [&] Management Corporation and/or First Medical Management LLC."

{¶3} On October 1, 2009, Erickson filed an Amended Complaint against MTC, First Correctional Medical-Ohio, LLC, Intellicore, LLC, and Edward Francis Norton, DDS. The Amended Complaint alleged that MTC "owns and controls a subsidiary entity known as First Correctional Medical-Ohio, LLC that provides medical and dental services to inmates at the Lake Erie Correctional Institution." The Amended Complaint further alleged that, on February 27, 2008, Dr. Norton negligently performed dental services on Erickson "on behalf of Defendant First Correctional Medical-Ohio, LLC and/or Intellicore, LLC, either as an independent contractor, employee, or agent of Defendant First Correctional Medical-Ohio, LLC and/or Intellicore, LLC."

{¶4} On March 11, 2010, the trial court issued a Judgment Entry. The court granted summary judgment in favor of First Medical Management, based on undisputed

evidence that First Medical Management does not operate in Ohio and has never provided medical services at Lake Erie Correctional Institution.

{¶5} The trial court dismissed MTC from the action, without prejudice, as the Amended Complaint failed to state a cause of action against MTC. The court noted that the Amended Complaint did not claim that any medical service was performed on behalf of MTC, and that judgment was prayed for against First Correctional Medical-Ohio, Intellicore, and Dr. Norton, but not MTC.

{¶6} The trial court noted that First Correctional Medical-Ohio and Intellicore were in default of answer, and ordered Erickson to move for default within thirty days or the Amended Complaint would be dismissed for failure to prosecute.

{¶7} On March 15, 2010, Erickson filed a Motion for Default Judgment against First Medical Management.

{¶8} On April 7, 2010, Intellicore filed its Answer to the Amended Complaint with leave of court.

{¶9} On August 30, 2010, Dr. Norton and Intellicore filed a Joint Motion for Summary Judgment.

{¶10} On August 31, 2010, Intellicore filed a separate Motion to Dismiss and Motion for Summary Judgment.

{¶11} On October 13, 2010, Erickson responded to Dr. Norton's and Intellicore's dispositive motions.

{¶12} On January 10, 2011, Erickson filed a Second Amended Complaint with leave of court, adding Healthcare Benefits, Inc. as a new party defendant. The Second Amended Complaint contained two counts. Under Count I, it was alleged that Dr.

3

Norton was "an agent of Management & Training Corporation within the terms of [a] contract with the State of Ohio." It was further alleged:

{¶13} On February 21, 2008, Defendant Edward Francis Norton, DDS, acting as an agent for Management & Training Corporation, performed a dental procedure on Plaintiff. * * * In doing so, said Defendant dentist fell below the standard of care and committed dental malpractice, and Management & Training Corporation breached its contract with the State of Ohio to provide safe, competent, and effective medical treatment to the inmates at Lake Erie Correctional Institution.

{¶14} Under Count I, it was alleged that, "[a]s a direct and proximate result of all the Defendants' combined and individual negligence, and their breach of contract with the State of Ohio, Plaintiff Christopher S. Erickson has experienced great pain and suffering and emotional distress," in addition to medical expenses.

{¶15} Under Count II, it was alleged that MTC "was charged with the duty of providing safe, competent, and effective medical and dental services * * * to inmates housed at Lake Erie Correctional Institution pursuant to its agreement with the State of Ohio." It was further alleged that MTC breached this duty by selecting Healthcare Benefits, Inc., an Ohio corporation wholly owned and operated by Dr. Norton, to provide dental services without "properly investigat[ing], vet[ting], and/or properly examin[ing] Defendants Healthcare Benefits, Inc.'s and Dr. Norton's backgrounds and ability to perform prior to awarding them the dental contract," or "monitor[ing] Defendant Dr. Norton's acts and/or omissions while performing dental services in its behalf."

4

{¶16} Under Count II, it was alleged that, "[a]s a direct and proximate result of the combined negligent acts and omissions of Management & Training Corporation * * *, including, but not limited to, the failure of Management & Training Corporation to abide by the terms of its contract with the State of Ohio, the negligent hiring and/or retention of Healthcare Benefits, Inc. and Dr. Norton, and/or the award of said contract to Healthcare Benefits, Inc. and Dr. Norton, [Erickson] has sustained permanent brain damage."

{¶17} On January 11, 2011, the trial court issued a Judgment Entry, ruling on Dr. Norton and Intellicore's Joint Motion for Summary Judgment. Applying the discovery rule, the court determined that Erickson's cause of action did not accrue "until * * * at least March 1, 2008." Since Dr. Norton and Intellicore were not named as defendants until the Amended Complaint was filed on October 1, 2009, the claims against these defendants were time-barred. Accordingly, their Motion for Summary Judgment was granted.

{¶18} On March 22, 2011, MTC filed its Answer to the Second Amended Complaint.

{¶19} On April 21, 2011, MTC filed a Motion for Judgment on the Pleadings, pursuant to Civil Rule 12(C). MTC argued that it could not be held liable as a principal when the claims against its alleged agent (Dr. Norton) were time-barred.

{¶20} On April 26, 2011, the trial court issued a Judgment Entry, dismissing the claims against Healthcare Benefits, Dr. Norton's personal corporation and employer, as time-barred.

5

{¶21} On May 31, 2011, Erickson filed his response to MTC's Motion for Judgment on the Pleadings.

{¶22} On November 16, 2012, the trial court issued a Judgment Entry, granting MTC's Motion for Judgment on the Pleadings. With respect to the claims against MTC dependent "upon the plaintiff's right or ability to secure a judgment against the dentist, Dr. Norton," judgment was warranted since Dr. Norton, as the agent and/or primary actor is immune from liability by application of the statute of limitations. With respect to Erickson's claims based on breach of contract, judgment was warranted since, "[a]s an inmate in a State penal institution[,] he did not enjoy a contractual relationship with either the State of Ohio or Management and Training, the private operator of the prison." With respect to the claims for negligent hiring, supervision, and retention, judgment was warranted based on the two-year statute of limitations for such actions. The court noted that Erickson's cause of action accrued in March 2008. The Complaint and Amended Complaint named MTC as a defendant, but did not state any identifiable cause of action against MTC. The Second Amended Complaint was filed on January 10, 2011, well after the expiration of the two-year statute of limitations.

{¶23} The November 16, 2012 Judgment Entry also dismissed all claims against First Correctional Medical-Ohio for failure to prosecute, since Erickson had failed to move for default as ordered by the court in March 2010.

{¶24} On December 10, 2012, Erickson filed his Notice of Appeal. On appeal, Erickson raised the following assignments of error:

{¶25} "[1.] The trial court erred to the prejudice of plaintiff-appellant in entering a judgment on the pleadings in favor of defendant-appellee Management & Training Corporation."

{¶26} "[2.] Where the trial court chooses to consider evidence or materials outside the complaint, the court must convert the motion to dismiss into a motion for summary judgment and give the parties notice and a reasonable opportunity to present all materials made pertinent to such motion by Civ.R. 56.  To do otherwise is prejudicial error."

{¶27} "[3.] The trial court committed prejudicial error in dismissing First Correctional Medical-Ohio LLC for failure to prosecute."

{¶28} In its brief, MTC raised the following cross-assignment of error:

{¶29} "[1.] The trial court ruled correctly in dismissing Appellant's case, but should also have dismissed all claims for the additional reason that the Appellant's claims against MTC were brought beyond the one-year statute of limitations for medical claims."

{¶30} "After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings."  Civ.R. 12(C).  A Civil Rule 12(C) motion "presents only questions of law, and determination of the motion for judgment on the pleadings is restricted solely to the allegations in the pleadings." *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973).  The party defending against the motion is entitled to "to have all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor as true."  *Id.* at 165-166.

7

**{¶31}** "Because the review of a decision to dismiss a complaint pursuant to Civ.R. 12(C) presents only questions of law, * * * our review is de novo." *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18.

**{¶32}** In his first assignment of error, Erickson asserts that "[t]he allegations within the Second Amended Complaint are sufficient to state a claim for relief as to each cause of action stated therein."

**{¶33}** The Second Amended Complaint alleged that Dr. Norton, acting as an agent for MTC, committed medical malpractice, and that Erickson was injured as a result of their "combined and individual negligence."

**{¶34}** As a matter of law, MTC cannot be held liable for any malpractice purportedly committed by Dr. Norton. "Although a party injured by an agent may sue the principal, the agent, or both, a principal is vicariously liable only when an agent could be held directly liable." *Natl. Union Fire Ins. Co. of Pittsburgh v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, ¶ 22; *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 20 ("[i]f there is no liability assigned to the agent, it logically follows that there can be no liability imposed upon the principal for the agent's actions") (cases cited).

**{¶35}** The principle that an agent's immunity to suit absolves the principal of liability applies to all types of vicarious liability, including the doctrines of respondeat superior, non-delegable duties, and agency by estoppel. *Albain v. Flower Hosp.*, 50 Ohio St.3d 251, 254-255, 553 N.E.2d 1038 (1990) ("[i]t is a fundamental maxim of law that a person cannot be held liable, other than derivatively, for another's negligence"),

8

*overruled on other grounds*, *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 628 N.E.2d 46 (1994).

**{¶36}** Since Dr. Norton's potential liability has been extinguished by the expiration of the statute of limitations, MTC cannot be held vicariously liable for his alleged negligence. *Comer* at ¶ 2 and passim (holding that a hospital could not be held vicariously liable for the actions of an independent-contractor physician where the statute of limitations against the physician has expired).

**{¶37}** The Second Amended Complaint also alleged that MTC was liable for the negligent hiring and/or retention of Dr. Norton. Liability under a theory of negligent hiring/retention (also known as negligent credentialing, selection, supervision, and/or training) is not vicarious liability. With respect to independent contractors, "an employer may be directly liable for injuries resulting from its own negligence in selecting or retaining an independent contractor." *Albain* at 257; *Browning v. Burt*, 66 Ohio St.3d 544, 557, 613 N.E.2d 993 (1993) ("[n]egligent credentialing claims arise out of the *hospital's* failure to satisfy its independent duty to grant and continue staff privileges only to competent physicians").

**{¶38}** Negligent hiring/retention claims are subject to the two-year statute of limitations contained in R.C. 2305.10(A). *Browning* at paragraph three of the syllabus; *Keisler v. FirstEnergy Corp.*, 6th Dist. Ottawa No. OT-04-055, 2006-Ohio-476, ¶ 27 (cases cited).

**{¶39}** In the present case, Erickson's claims against MTC accrued in March 2008. Erickson raised his claim of negligent hiring/retention against MTC for the first

9

time in his Second Amended Complaint, filed in January 2011. Accordingly, this claim is barred, as a matter of law, by the expiration of the statute of limitations.

**{¶40}** Erickson's claim for negligent hiring/retention is also subject to dismissal because it was not pled with particularity. In order to survive a motion for judgment on the pleadings, a negligent hiring/retention claim "must plead operative facts with particularity." *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991), syllabus. "The mere incantation of the elements of a negligent hiring claim, *i.e.*, the abstract statement that the [employer] knew or should have known about the employee's criminal or tortious propensities, without more, is not enough to enable a plaintiff to survive a motion to dismiss for failure to state a claim." *Id.* at 61.

**{¶41}** Erickson's final claim against MTC under the Second Amended Complaint was for breach of contract. Specifically, it was alleged that MTC "breached its contract with the State of Ohio to provide safe, competent, and effective medical treatment to the inmates at Lake Erie Correctional Institution," by "neglect[ing] its duty to properly investigate, vet, and/or properly examine Defendants Healthcare Benefits, Inc.'s and Dr. Norton's backgrounds and ability to perform prior to awarding them the dental contract with Lake Erie Correctional Institution." The fact that the same conduct was pled as a breach of contract, as well as a claim for negligent hiring/retention, does not entitle Erickson to avail himself of the statute of limitations for written contracts.

**{¶42}** "The ground of the action and the nature of the demand determine which statute of limitation is applicable." *Peterson*, 34 Ohio St.2d at 173, 297 N.E.2d 113. Thus, "in determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is

10

pleaded." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984). *E.g.*, *Brittingham v. Gen. Motors Corp.*, 2nd Dist. Montgomery No. 24517, 2011-Ohio-6488, ¶ 19 ("the misconduct of medical professionals constitutes malpractice regardless of whether such misconduct is framed in terms of negligence or breach of contract"); *Fronczak v. Arthur Andersen, L.L.P.*, 124 Ohio App.3d 240, 245, 705 N.E.2d 1283 (10th Dist.1997) ("the breach of contract claim is simply a restatement of the negligence claims and * * * the four-year statute of limitations for professional negligence * * * applies").

**{¶43}** In the present case, Erickson is seeking damages arising from bodily injury as the result of MTC's negligent hiring/retention of Dr. Norton. The Ohio Supreme Court has addressed this situation: "[w]hen bodily injury results from negligence, the two-year statute of limitations, R.C. 2305.10, is the appropriate statute of limitations." *Love v. Port Clinton*, 37 Ohio St.3d 98, 524 N.E.2d 166 (1988). As the court elaborated in an earlier decision:

> **{¶44}** The rule prevailing in by far the larger number of jurisdictions is that where a statute, specific in terms, limits the time within which an action for "injuries to the person" or "bodily injury" may be brought, such statute governs all actions the real purpose of which is to recover for an injury to the person, whether based upon contract or tort, and a general statute, limiting the time for bringing an action growing out of a contractual relationship, is without application.

**{¶45}** *Andrianos v. Community Traction Co.*, 155 Ohio St. 47, 50, 97 N.E.2d 549 (1951).

11

**{¶46}** Based on the nature of Erickson's claims, the two-year limitation period for bodily injury, set forth in R.C. 2305.10(A), is applicable despite their denomination as a breach of contract. This is the same limitations period that applies to the negligent hiring/retention claim, which is the substance of Erickson's cause of action, inasmuch as the conduct underlying the negligent hiring/retention claim is the same conduct underlying the breach of contract claim. *Compare B&B Contrs. & Developers, Inc. v. Olsavsky Jaminet Architects, Inc.*, 7th Dist. Mahoning No. 12 MA 5, 2012-Ohio-5981, 984 N.E.2d 419, ¶ 39 ("a separate claim for a contract can only proceed where the alleged conduct to support that claim is distinct from the conduct underlying the malpractice[, i.e., negligence,] claim").

**{¶47}** Finally, we note that Erickson's inclusion of a claim for emotional distress in the Second Amended Complaint does not alter the outcome. The Ohio Supreme Court has clarified that "the inclusion of damages for emotional distress in a complaint alleging negligence does not automatically transform the claim into one alleging the negligent infliction of emotional distress, nor does it automatically create a cause of action separate and distinct from the negligence claim." *Loudin v. Radiology & Imaging Servs., Inc.*, 128 Ohio St.3d 555, 2011-Ohio-1817, 948 N.E.2d 944, ¶ 23. In the present case, Erickson's allegation of emotional distress was merely part of the claim for damages.

**{¶48}** "[S]ince the complaint on its face was statutorily barred, judgment on the pleadings was properly entered." *Peterson*, 34 Ohio St.2d at 174-175, 297 N.E.2d 113.

**{¶49}** The first assignment of error is without merit.

{¶50} In the second assignment of error, Erickson argues that the trial court erred by considering evidence outside of the pleadings. Specifically, Erickson argues the court erred by finding that he did not enjoy a contractual relationship with the State of Ohio or MTC. According to Erickson, the court must construe the allegations of the Second Amended Complaint in his favor and so "accept as true that MTC breached its contract thereby causing severe injury to appellant."

{¶51} This assignment of error has been rendered moot by our resolution of the first assignment of error. Any claims relating to the contract between the State of Ohio and MTC are time-barred, as is evident from the face of Complaint. App.R. 12(A)(1)(c).

{¶52} In his third assignment of error, Erickson asserted that the trial court erred by dismissing First Correctional Medical-Ohio for failure to prosecute. However, the body of Erickson's brief contained no argument regarding this assignment of error beyond its inclusion in the statement of errors presented for review. Accordingly, this assignment of error may be disregarded. *Holeski v. Holeski*, 11th Dist. Portage No. 2009-P-0007, 2009-Ohio-6036, ¶ 26 (cases cited).

{¶53} Finally, our affirmance of the trial court judgment renders MTC's cross-assignment of error, defending that judgment on alternative grounds, moot. *In re Annexation of Approximately 257 Acres from Brimfield Twp.*, 11th Dist. Portage No. 91-P-2286, 1991 Ohio App. LEXIS 5370, 10-11 (Nov. 8, 1991).

{¶54} For the foregoing reasons, the Judgment of the Ashtabula County Court of Common Pleas, granting MTC's Motion for Judgment on the Pleadings and dismissing all claims against First Correctional Medical-Ohio, is affirmed. Costs to be taxed against the appellant.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.

{¶55} I write to address the trial court's finding that, as an inmate in a state penal institution, appellant did not enjoy a contractual relationship with either the State of Ohio or Management & Training Corporation.

{¶56} Several states have held that prisoners are third party beneficiaries of contracts between corrections institutions and private companies incarcerating inmates or providing medical treatment to them. The Supreme Court of Virginia held that an inmate is "'clearly and definitely'" an intended third party beneficiary of the contract between the Virginia Department of Corrections and its medical service contractor. *Ogunde v. Prison Health Servs. Inc.*, 274 Va. 55, 63-64 (2007). The Appeals Court of Massachusetts noted that the department of corrections cannot have immunity from liability based upon an inmate's lack of standing to sue as a third party beneficiary and also enjoy immunity by delegating its dental responsibilities to an independent contractor. *Kilburn v. Dept. of Corr. & others,* 2008 Mass. App. Unpub. LEXIS 749, fn. 6 *12-13. And the Supreme Court of Alaska has held that prisoners are intended third party beneficiaries of a contract between the department of corrections and a private

14

company housing Alaskan inmates. *Rathke v. Corr. Corp. of Am.*, 153 P.3d 303, 311 (Alaska 2007).

**{¶57}** As such, appellant is a third party beneficiary of the contract between the state and Management & Training Corporation. In this case the contract in question was subject to a protective order and filed with the trial court judge. No copy of the contract is contained in the record provided to this court.

**{¶58}** "When a motion to dismiss is founded upon a written instrument attached to the complaint, the complaint should not be dismissed under Civ.R. 12(B)(6) unless the complaint and any attached written instruments on their face show the court to a certainty that there is an insuperable bar to relief as a matter of law." *Cash v. Seery,* 12th Dist. Butler No. CA97-10-194, 1998 Ohio App. LEXIS 871, *6 (March 9, 1998), citing *Slife v. Kundtz Properties*, 40 Ohio App.2d 179, 185 (8th Dist.1974). Additionally, a court should avoid interpreting the written instrument at an early stage. *Id.* at *8*, citing *Slife* at 185. Having determined that appellant was not a party to the contract, it is not clear from the record whether the trial court even reviewed the contract between the state and Management & Training Corporation in making its ruling.

**{¶59}** The trial court also held that it was clear from the face of the complaint that appellant did not state a claim for breach of contract. However, paragraph ten of appellant's complaint specifically alleges that appellant suffered damages as a result of appellees' breaching their contract with the state*.* Civ.R. 8(A) requires that a complaint contain only a short and plain statement of the claim showing that the party is entitled to relief and a demand for judgment. Because Civ.R. 8 clearly establishes that Ohio is a notice-pleading state, Ohio law does not ordinarily require a plaintiff to plead operative

15

facts with particularity. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶29.

{¶60} As appellee is a third party beneficiary of the contract between the state of Ohio or Management and Training Corporation I would remand this matter to trial court for further proceedings.

{¶61} Thus, I respectfully dissent.