[Cite as *New Wembley L.L.C. v. Klar*, 2022-Ohio-4250.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

NEW WEMBLEY LLC,

      Plaintiff-Appellant,

- vs -

JASON KLAR,

      Defendant-Appellee.

**CASE NO. 2022-G-0007**

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2021 P 000349

## **O P I N I O N**

Decided: November 28, 2022
Judgment: Reversed and remanded

*Kerri L. Keller,* Brouse McDowell, 388 South Main Street, Suite 500, Akron, OH 44311 (For Plaintiff-Appellant).

*Todd M. Haemmerle, Maia E. Jerin* and *Chloe C. DeAngelis,* Gallagher Sharp, LLP, 1215 Superior Avenue, 7th Floor, Cleveland, OH 44114 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, New Wembley, LLC ("New Wembley"), appeals the January 24, 2022 judgment of the Geauga County Court of Common Pleas granting the motion for judgment on the pleadings filed by appellee, Jason Klar. For the reasons set forth herein, the judgment is reversed and remanded.

{¶2}    New Wembley is a company that operates a tennis club ("The Wembley Club"). Mr. Klar is the Chief Executive Officer of Capstone Construction Company, LLC ("Capstone"). Non-party Timothy Steffen was Capstone's President. At the time of the

filing of the complaint, Mr. Klar owned 70 percent of Capstone, while a non-party, Timothy Steffen, owned the remaining 30 percent.

{¶3} In August 2016, New Wembley entered into a contract with Capstone for the construction of a new tennis facility and other related improvements to The Wembley Club. Mr. Steffen signed the contract on behalf of Capstone. The total cost of the project was $1,434,240 and was to be completed by March 31, 2017. Mr. Steffen managed the project.

{¶4} Capstone stopped working on the project in mid-2019, though a large portion of the work remained to be completed at that time. New Wembley alleges that the work which was completed was defective and deficient, and that the cost of finishing the project was significantly increased due to Mr. Steffen's "fraud, misrepresentations, actions, and inactions."

{¶5} In July 2019, New Wembley filed a complaint against Mr. Steffen in the Cuyahoga County Court of Common Pleas alleging fraud and misrepresentation. Mr. Steffen subsequently filed a Chapter 7 bankruptcy. Because New Wembley's claims were non-dischargeable, it filed an adversary proceeding against Mr. Steffen in the United States Bankruptcy Court.

{¶6} In August 2020, New Wembley filed a complaint against Capstone for breach of contract and declaratory relief in the Cuyahoga County Court of Common Pleas. New Wembley asserts that discovery and the deposition of Mr. Steffen failed to reveal that Mr. Klar was Mr. Steffen's business partner.

{¶7} After further investigation, New Wembley deposed Mr. Klar in April 2021. New Wembley alleges that during the deposition, it learned of facts that gave rise to and

2

supported claims against Mr. Klar, which it did not know when it filed its cases against Mr. Steffen and Capstone. Specifically, New Wembley learned that Mr. Steffen was a minority owner of Capstone, that he was an employee under an employment agreement, that it was in his capacity as an employee that he was managing The Wembley Club project, and that Mr. Klar was responsible for delegating the responsibility for the project. New Wembley also learned that Mr. Klar was almost completely uninvolved with The Wembley Club project and did not supervise Mr. Steffen.

{¶8} In June 2021, New Wembley filed a complaint against Mr. Klar alleging negligent hiring, retention, and supervision arising from Mr. Klar's role in hiring Mr. Steffen to work for Mr. Klar's company, Capstone Construction Company, LLC. This complaint, the dismissal of which is the subject of the instant appeal, was filed in the Geauga County Court of Common Pleas, not the Cuyahoga County Court of Common Pleas as the two previous cases had been filed, because Mr. Klar resides in Geauga County. In its complaint, New Wembley specifically alleged that Mr. Klar knew or should have known that Capstone was defaulting on its obligations and that Mr. Klar relied on Mr. Steffen despite "obvious signs" that Mr. Steffen should not have been retained.

{¶9} Mr. Klar responded with a motion for a more definite statement, which the court granted over New Wembley's objection. New Wembley then filed an amended complaint. Mr. Klar answered and moved for judgment on the pleadings. New Wembley filed a reply and opposed the motion. The trial court granted Mr. Klar's Civ.R. 12(C) motion for judgment on the pleadings without explanation.

{¶10} New Wembley now appeals, assigning one error for our review, which states:

3

**{¶11}** The trial court erred by granting Appellee Jason Klar's Civ.R. 12(C) motion for judgment on the pleadings.

**{¶12}** "'Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. * * * Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." (Citations omitted.) *Wilson v. McCormack*, 11th Dist. Ashtabula No. 2016-A-0039, 2017-Ohio-5510, ¶14, quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). "A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law, and a determination of the motion is restricted solely to the allegations in the pleadings." *Francis v. Northeast Ohio Neighborhood Health Services, Inc.,* 8th Dist. Cuyahoga No. 110322, 2021-Ohio-3928, ¶11, *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166 (1973). "Accordingly, our standard of review is de novo." *Wilson, supra,* citing *Oko v. Lake Erie Corr. Inst.*, 175 Ohio App.3d 341, 2008-Ohio-835, ¶15 (11th Dist.).

**{¶13}** New Wembley alleges the trial court erred in two specific ways: (1) by finding that New Wembley's claims were barred by the two-year statute of limitations for negligent hiring, negligent supervision, and negligent retention; and (2) by finding that it failed to state a claim against Mr. Klar because its claims were based on Mr. Klar's role as a shareholder or officer of Capstone. We address each contention in turn.

**{¶14}** ***Application of the Discovery Rule***

**{¶15}** It is undisputed that New Wembley's claims for negligent hiring, negligent supervision, and negligent retention were subject to a two-year statute of limitations

4

pursuant to R.C. 2305.10(A).  *See, e.g., Keisler v. FirstEnergy Corp.*, 6th Dist. Ottawa No. OT-04-055, 2006-Ohio-476, ¶27.  "Generally, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed." *Mattlin Holdings, L.L.C. v. First City Bank*, 189 Ohio App.3d 213, 2010-Ohio-3700, ¶7 (10th Dist.), citing *Collins v. Sotka,* 81 Ohio St.3d 506 (1998).  "For certain types of cases, a discovery rule applies, and the statute of limitations does not begin to run until the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered a possible cause of action." *Mattlin Holdings, supra,* citing *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625.

{¶16}  The discovery rule has been extended to cases involving negligent hiring, retention, and/or supervisions claims.  *See Lisboa v. Tramer*, 8th Dist. Cuyahoga No. 97526, 2012-Ohio-1549, ¶24.  The Eighth District in *Lisboa* found that because the statute of limitations begins to accrue when "the injury or loss to person or property occurs," pursuant to R.C. 2305.10(A), it is subject to the discovery rule.

{¶17}  We agree with the application of the discovery rule to negligent hiring, retention, and supervision claims.  The Supreme Court has found that the discovery rule is an exception created to avoid the unconscionable result in circumstances where an injured party's right to recovery may be barred by the statute of limitations before he is even aware of its existence.  *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.,* 128 Ohio St.3d 529, 2011-Ohio-1961, ¶13, citing *O'Stricker v. Jim Walter Corp.*, 4 Ohio St.3d 84 (1983).  That is the factual situation that New Wembley now brings.

{¶18}  In *O'Stricker,* the Supreme Court had held that "[w]hen an injury does not manifest itself immediately, the cause of action does not arise until the plaintiff knows or,

5

by the exercise of reasonable diligence should have known, that he had been injured *by the conduct of defendant*, for purposes of the statute of limitations contained in R.C. 2305.10." *O'Stricker, supra,* at paragraph two of the syllabus. (Emphasis added.)

{¶19} In *Hervey v. Normandy Dev. Co.*, 66 Ohio App.3d 496, 498 (11th Dist.1990), this court found the facts of the case to be distinguishable from those in *O'Stricker*. In *Hervey,* this court addressed a similar argument to the case at bar in regard to a plaintiff seeking to recover for injuries sustained by formaldehyde emissions within her mobile home. This court determined that because the plaintiff both knew of the injury, its cause, and "knew or should have known that there was a manufacturer of component parts" but failed to identify the specific manufacturer at fault until after the statute of limitations has run. *Id.*

{¶20} However, the facts in *Hervey* are distinguishable from those in the case at bar. In *Hervey*, the plaintiff knew that some manufacturer was responsible for her injuries but failed to determine exactly which manufacturer before the statute of limitations had run. Here, New Wembley knew of its injury and of Mr. Steffen's involvement in 2017. Accepting the facts pleaded as true, it did not learn that Mr. Steffen was an employee or that Mr. Klar was in any way involved with Capstone or Mr. Steffen until 2020.

{¶21} Importantly, however, the discovery rule states that "the cause of action does not arise until the plaintiff knows *or, by the exercise of reasonable diligence should have known,* that he had been injured by the conduct of defendant * * * ." (Emphasis added.). *O'Stricker, supra.* Thus, there remains a question of fact as to whether New Wembley should have discovered Mr. Klar's involvement earlier. *Doe v. Robinson*, 6th Dist. Lucas No. L-07-1051, 2007-Ohio-5746, ¶17, ("Often, the application of a statute of

6

Case No. 2022-G-0007

limitations involves a mixed question of law and fact.") Because this is a question of material fact, we agree with New Wembley that it would be erroneous to grant judgment on the pleadings based on the statute of limitations and discovery rule. However, our discussion does not end there.

{¶22} ***Sufficiency of the Pleadings as to Mr. Klar's Personal Liability***

{¶23} We turn now to New Wembley's second argument: whether the trial court erred finding that it failed to state a claim against Mr. Klar because its claims were based on Mr. Klar's role as a shareholder or officer of Capstone. We find that New Wembley sufficiently pleaded facts to establish it was pursuing negligent hiring, retention, and/or supervision claims against Mr. Klar personally, as Mr. Steffen's employer.

{¶24} Generally, "a complaint is only required to contain '(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled.'" *Francis, supra,* at ¶12, quoting Civ.R. 8(A) and *Tennant v. Huntington Natl. Bank,* 8th Dist. Cuyahoga No. 108993, 2020-Ohio-4063, ¶15. "'[A] plaintiff is not required to prove his or her case at the pleading stage. * * * [A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.'" *Francis, supra,* quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-145 (1991).

{¶25} However, "[i]n order to survive a motion for judgment on the pleadings, a negligent hiring/retention claim 'must plead operative facts with particularity.'" *Erickson v. Mgt. & Training*, 11th Dist. Ashtabula No. 2012-A-0059, 2013-Ohio-3864, ¶40 quoting *Byrd v. Faber*, 57 Ohio St.3d 56 (1991), syllabus. "'The mere incantation of the elements

7

of a negligent hiring claim, i.e., the abstract statement that the [employer] knew or should have known about the employee's criminal or tortious propensities, without more, is not enough to enable a plaintiff to survive a motion to dismiss for failure to state a claim.'" *Erickson, supra,* quoting *Byrd, supra.* "A well-pled complaint must include, however, factual allegations going to each element of the claim, and conclusory statements without any supporting factual allegations are insufficient." *Stevens v. Little Stars Early Learning Ctr., L.L.C.*, 8th Dist. Cuyahoga No. 110602, 2022-Ohio-380, ¶35 citing *Hendrickson v. Haven Place, Inc.*, 8th Dist. Cuyahoga No. 100816, 2014-Ohio-3726, ¶27.

{¶26} To make out a claim for negligent hiring and retention, a plaintiff must show "(1) the existence of an employment relationship, (2) the employee's incompetence, (3) the employer's actual or constructive knowledge of such incompetence, (4) the employer's act or omission causing plaintiff's injuries, and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.'" *Evans v. Akron Gen. Med. Ctr.*, 9th Dist. Summit No. 28340, 2018-Ohio-3031, ¶26[1]. Mr. Klar asserts that New Wembley failed to plead sufficient facts to establish the first element, i.e., that Klar employed Steffen. We disagree.

{¶27} In its amended complaint, New Wembley states that Mr. Steffen is an employee of Capstone and that Mr. Klar was Mr. Steffen's employer. The amended complaint specifically states, "[i]t is Defendant's conduct and his role as an employer that is at issue in this case, i.e., Defendant is responsible for allowing Steffen to commit

---

1. On appeal to the Ohio Supreme Court, the court declined to the adopt this test for the purpose of answering the certified questions on appeal. *Evans v. Akron Gen. Med. Ctr.,* 163 Ohio St.3d 284, 2020-Ohio-5535, ¶5. However, the Court affirmed the Ninth District's decision by answering the questions based on the appellate court's application and analysis of the test. *Id.* at ¶5, 15.

Case No. 2022-G-0007

various torts and/or for failing to prevent that through his negligent hiring, supervision, and retention of Steffen." Thus, we find that New Wembley sufficiently pleaded the first element of a claim for negligent hiring, retention, and/or supervision.

{¶28} We also find New Wembley sufficiently pleaded all the remaining elements of negligent hiring, retention, and supervision. As to the second and third elements, the employee's incompetence and employers' knowledge of the employee's incompetence, New Wembley alleges, "[u]pon information and belief, Steffen lacked the qualifications, experiences, skills and/or abilities to be employed in the role in which Capstone employed him, and Defendant either knew or should have known this." Specifically, it alleges that Steffen failed to secure necessary contractors, failed to oversee the project, committed fraud, made material misrepresentations, and performed defective work. It also alleges that Mr. Klar knew or should have known that Capstone was defaulting on its obligations due to Mr. Steffen's actions and inactions.

{¶29} In support of the fourth element, the employer's act or omission caused injury, New Wembley alleges that Mr. Klar was uninvolved in the project, did not supervise Mr. Steffen in his capacity as an employee for Capstone. It states, "[h]ad Defendant exercised reasonable care in the hiring, supervision, and retention of Steffen, New Wembley's damages would have been avoided."

{¶30} Finally, as to the fifth element, New Wembley states that Mr. Klar's conduct in failing to exercise reasonable care hiring, supervising, and retaining Mr. Steffen, makes him a proximate cause of New Wembley's injury. New Wembley alleges in excess of $25,000 in damages. We find the amended complaint was sufficiently well-pleaded to overcome judgment on the pleadings.

9

{¶31} Because we disagree with Mr. Klar's contention that all of New Wembley's allegations were based on his role as shareholder or officer of Capstone, we need not address Mr. Klar's argument that New Wembley failed to plead sufficient facts to pierce the corporate veil. New Wembley brought its claims against Mr. Klar personally for his own allegedly negligently tortious conduct. *See, e.g., Evans, supra,* 2018-Ohio-3031, ¶33 (An action for "negligent hiring, supervision, and retention is based on a theory of direct liability * * *.").

{¶32} In light of the foregoing, the judgment of the Geauga County Court of Common Pleas is reversed and remanded.

THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2022-G-0007