ZANNI et al., Appellants,

v.

**WINFRED STELZER et al.; Summertyme Mortgage, Appellee.**

[Cite as *Zanni v. Stelzer,* 174 Ohio App.3d 84, 2007-Ohio-6215.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 07CA009108.

Decided Nov. 26, 2007.

Donald Gallick, for appellants.

Paul Panico, for appellee.

WHITMORE, Presiding Judge.

{¶ 1} Plaintiff-appellants, Alfred and Linda Zanni, have appealed from judgment in the Lorain County Court of Common Pleas. We affirm in part and reverse in part.

I

{¶ 2} Defendant-appellee Summertyme Mortgage employed Winfred Stelzer during 2004 and 2005. While employed at Summertyme, Stelzer allegedly induced the Zannis to enter into a mortgage and home-equity loan contract as well as an unexplained "investment scheme." As a result of his personal interactions with the Zannis, Stelzer was indicted and convicted of grand theft in the Summit County Court of Common Pleas.

{¶ 3} On January 4, 2006, the Zannis brought a civil suit against both Summertyme and Stelzer.[1] The complaint charged Stelzer with fraud and conversion and Summertyme with negligent hiring, retention, and supervision and violations of the Ohio Consumer Sales Practices Act ("CSPA"). Stelzer, acting pro se, failed to respond to the Zannis' request for admissions. Accordingly, on September 12, 2006, the trial court deemed the admissions admitted and granted judgment on the pleadings in favor of the Zannis and against Stelzer.

{¶ 4} On October 25, 2006, Summertyme moved for summary judgment. On November 28, 2006, the trial court granted the motion and entered judgment in

---

1. The Zannis also brought suit against World Savings, Inc. for its role in drafting their mortgage and home-equity loan agreements. However, The Zannis voluntarily dismissed World Savings pursuant to Civ.R. 41(A) on March 16, 2006.

favor of Summertyme. The Zannis timely appealed from this judgment, raising two assignments of error.

## II

### Assignment of Error One

The trial court erred by granting summary judgment on Count Three of the complaint because Summertyme Mortgage is covered by Ohio common law for negligent hiring and negligent retention.

{¶ 5} The Zannis argue that the trial court erred in granting summary judgment in favor of Summertyme on the Zannis' negligent-hiring and negligent-retention claims. We agree.

{¶ 6} This court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 7} Pursuant to Civ. R. 56(C), summary judgment is proper if

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.

{¶ 8} To prove a claim of negligent hiring and retention, a plaintiff must show " '(1) [t]he existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries;

and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.'" *Collins v. Flowers*, 9th Dist. No. 04CA008594, 2005-Ohio-3797, 2005 WL 1763615, ¶ 32, quoting *Ruta v. Breckenridge–Remy Co.* (Dec. 12, 1980), 6th Dist. No. E–80–39, 1980 WL 351648.

{¶ 9} In its motion for summary judgment, Summertyme challenged the Zannis' claim of negligent hiring and retention solely on the basis of fiduciary duty. Summertyme argued that it was entitled to summary judgment because the Zannis had failed to show that Summertyme owed the Zannis any fiduciary duty. Yet the Zannis did not plead breach of fiduciary duty in their complaint. The existence of a fiduciary relationship bore no relation to their claim of negligent hiring, retention, or supervision. See *Collins*, 2005-Ohio-3797, 2005 WL 1763615, at ¶ 32 (listing the elements of a negligent hiring and retention). Accordingly, the argument that Summertyme promulgated in its motion bore no relationship to the Zannis' claim. Therefore, the trial court incorrectly awarded summary judgment to Summertyme on the Zannis' claim of negligent hiring, retention, or supervision. See *Dresher*, 75 Ohio St.3d at 292–293, 662 N.E.2d 264 (explaining that the party moving for summary judgment has the initial burden of showing an absence of a genuine issue of material fact). The Zannis' first assignment of error has merit.

## Assignment of Error Two

The trial court erred by granting summary judgment on Count Four of the complaint because Summertyme Mortgage is covered by Ohio's Consumer Sales Practices Act.

{¶ 10} The Zannis argue that the trial court improperly granted summary judgment in favor of Summertyme over alleged violations of the CSPA. Specifically, they argue that the mortgage company is subject to the Ohio CSPA. We disagree.

{¶ 11} As previously stated, we review an award of summary judgment de novo. The CSPA prohibits "unfair or deceptive" and "unconscionable" acts or practices by suppliers in consumer transactions. *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 29, 548 N.E.2d 933. The CSPA defines a "supplier" as "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions." R.C. 1345.01(C). The CSPA specifically provides that "consumer transaction" does not include transactions between persons defined in R.C. 5725.01.[2] R.C. 1345.01(A). R.C. 5725.01 defines a "dealer in intangibles" as

---

**2.** After the filing of this lawsuit the legislature amended R.C. 1345.01(A) so that "transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank

"every person who keeps an office or other place of business in this state and engages * * * in a business that consists primarily of lending money, or discounting, buying, or selling * * * notes, mortgages, or other evidences of indebtedness * * * whether on the person's own account with a view to profit, or as agent or broker for others, with a view to profit or personal earnings."

R.C. 5725.01(B)(1).

{¶ 12} The Zannis argue that Summertyme violated the CSPA when handling their mortgage and home-equity loan. However, under the plain language of the CSPA, one who engages in the business of buying or selling mortgages qualifies as a "dealer in intangibles" and is exempt from the act. Since we find that Summertyme constituted a dealer in intangibles, we also must conclude that Summertyme did not engage in any "consumer transactions." Because the CSPA did not apply to Summertyme, the trial court properly granted summary judgment on those claims. The Zannis' second assignment of error lacks merit.

## III

{¶ 13} The Zannis' first assignment of error is sustained, and their second assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

CARR and MOORE, JJ.,concur.

---

mortgage lenders and their customers" are no longer exempt from the CSPA.2006 Am.Sub. S.B. No. 185. However, because the amendment did not take effect until January 1, 2007, it does not apply in this case.