[Cite as *Evans v. Akron Gen. Med. Ctr.*, 2018-Ohio-3031.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MALIEKA EVANS

    Appellant

    v.

AKRON GENERAL MEDICAL CENTER,
et al.

    Appellees

C.A. No.    28340

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014-11-5041

DECISION AND JOURNAL ENTRY

Dated: August 1, 2018

SCHAFER, Judge.

{¶1} Plaintiff-Appellant, Malieka Evans, appeals the judgment of the Summit County Court of Common Pleas granting in part the summary judgment motion of Defendant-Appellee, Akron General Medical Center ("AGMC") and granting the summary judgment motion of Defendant-Appellee, General Emergency Medical Specialists, Inc. ("GEMS").

I.

{¶2} On November 9, 2014, Evans filed a complaint against AGMC and several "Doe" defendants, whose identities were then unknown. The complaint alleged, inter alia, claims for negligent hiring and negligent supervision and/or retention. On January 7, 2015, Evans filed an amended complaint that substituted GEMS for one of the previously unnamed defendants. A summons and copy of the amended complaint was personally served upon the statutory agent for GEMS on April 7, 2015.

{¶3} On May 20, 2015, GEMS filed a motion to dismiss, arguing that the amended complaint failed to state a claim upon which relief can be granted and that Evans had failed to effectuate proper service. The trial court denied GEMS' motion on June 5, 2015, and GEMS filed a timely answer thereafter and the matter proceeded through the pretrial process.

{¶4} GEMS filed its first motion for summary judgment on December 22, 2015, and a second motion for summary judgment on January 25, 2015. The trial court granted GEMS' second motion for summary judgment on May 12, 2016.

{¶5} AGMC filed its motion for summary judgment on February 17, 2016. The trial court granted AGMC's motion on July 21, 2016.

{¶6} Evans filed this timely appeal, raising two assignments of error for our review. To facilitate review, we elect to consider the assignments of error out of order.

## II.

### Assignment of Error II

**The trial court erred in finding that service of process on Defendant, General Emergency Medical Specialists, Inc. ("GEMS"), was insufficient where it was personally served with the Amended Complaint in a timely manner, failed to affirmatively allege insufficiency of service of process in its Answer, and fully participated in the litigation.**

{¶7} In her second assignment of error, Evans contends that the trial court erred by granting GEMS' motion for summary judgment on the basis that Evan's amended complaint naming GEMS in place of a previously identified by a fictitious name did not relate back to the original complaint.

{¶8} Under Civ.R. 56(C), summary judgment is appropriate when:

(1)[no] genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing

such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the moving party satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293. A review of a trial court's grant of summary judgment is considered de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Accordingly, we apply the same standard as the trial court, viewing the facts in the light most favorable to the non-moving party and resolving any doubt in the favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983); *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶9} In her complaint, Evans alleges that she was sexually assaulted by an employee of GEMS on November 9, 2012, and that as a result of GEMS' negligence she suffered psychological, emotional, and physical injuries, and emotional distress. It is undisputed in this case that the statute of limitations for a claim of negligent hiring and negligent supervision/retention is two years. *See* R.C. 2305.10. Evans' original complaint was filed November 9, 2014, exactly two years after the alleged incident. Evans' complaint listed as defendants AGMC and several "Doe" defendants, whose identities were then unknown. On January 7, 2015, Evans filed an amended complaint that substituted GEMS for one of the previously unnamed defendants. As Evans filed her amended complaint after the statute of limitations expired, her claims are barred unless the amended complaint relates back to the filing of Evans' original complaint.

{¶10} Pursuant to Civ.R.3(A), a civil action is commenced if service of a complaint is obtained within one year from the filing of the complaint on a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D). Civ.R. 15(D) states,

> When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words "name unknown," and a copy thereof must be served personally upon the defendant.

"Assuming that a plaintiff meets the specific requirements of Civ.R. 15(D), the relation-back provisions of Civ.R. 15(C) are then considered." *LaNeve v. Atlas Recycling*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 11, citing *Amerine v. Haughton Elevator Co., Div. of Reliance Electric Co.*, 42 Ohio St.3d 57, 58 (1989). That provision provides, in part, that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Civ.R. 15(C).

{¶11} A review of the record shows that Evans' original complaint did list several "Doe defendants" and stated that their identities "cannot presently be determined." Evans subsequently amended her complaint, stating in part, "Defendant, DOE No. 1, as referenced in the original Complaint, is now known by Plaintiff to be Defendant [GEMS] * * * ." A summons and copy of the amended complaint was personally served upon the statutory agent for GEMS on April 7, 2015. However, a review of the record shows that a copy of the original complaint together with a summons containing the words "name unknown" was not served upon GEMS.

{¶12} On May 20, 2015, GEMS filed a motion to dismiss arguing, in part, that Evans had failed to comply with the requirement of Civ.R. 15(D) that the summons personally served upon GEMS did not include the words "name unknown." Although GEMS acknowledged in its

motion that the time period to effectuate service pursuant to Civ.R. 3 had not yet expired, GEMS stated it was raising the defense in order to avoid waiver pursuant to Civ.R. 12(H). The trial court summarily denied the motion on June 5, 2015. GEMS thereafter filed an answer and the matter proceeded through the pretrial process.

{¶13} GEMS filed its second motion for summary judgment on January 25, 2016, on the basis that Evans had failed to comply with the two-year statute of limitations for negligent hiring and negligent supervision/retention. GEMS noted that although Evans had commenced her suit within the statute of limitations, the amended complaint naming GEMS as a defendant did not relate back to the original complaint because Evans had failed to comply with Civ.R. 15(D) and Civ.R. 3(A). Specifically, GEMS argued that Evans had failed to: (1) serve GEMS with the original complaint; and (2) had failed to include the words "name unknown" on the summons GEMS did receive as required by Civ.R. 15(D). The trial court determined that the requirements of Civ.R. 15(D) "must be met in order for the amended complaint to relate back to the date the original complaint was filed" and that Evans did not meet those requirements. Accordingly, the trial court determined that Evans' amended complaint was filed outside of the statute of limitations and GEMS was entitled to judgment as a matter of law.

{¶14} On appeal, Evans argues that the trial court's technical interpretation of Civ.R.15(D) is unjust. Ohio's rules of civil procedure are to "be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Civ.R. 1(B). However, when the issue presented is one of a failure to perfect service, the resolution of that issue ultimately determines whether a court has personal jurisdiction over a defendant. *LaNeve*, 119 Ohio St.3d 324, 2008-Ohio-3921 at ¶ 22. Recognizing that the obligation to perfect service of process is placed only on the plaintiff,

the Supreme Court of Ohio has expressly held, "when the specific requirements of Civ.R. 15(D) for commencing an action are not met, an amendment does not relate back to the date of the original complaint under Civ.R. 15(C) and Civ.R. 3(A) and the saving statute of R.C. 2305.19(A) does not apply." *Id.* at syllabus.

{¶15} It is undisputed that the original complaint and summons were never served upon GEMS. However, "'Civ.R.15(D) specifically requires that the summons [of the original complaint] *must* be served personally upon the defendant.'" (Emphasis and alterations sic.) *McConville v. Jackson Comfort Sys.*, 95 Ohio App.3d 297, 304 (9th Dist.1994), quoting *Amerine v. Haughton Elevator Co.*, 42 Ohio St.3d 57, 58 (1989). Additionally, "Civ.R. 15(D) 'requires that the summons must contain the words 'name unknown.'" *Mitluski v. USS*, 9th Dist. Lorain Nos. 98CA007085, 98CA007105, 1999 Ohio App. LEXIS 2477, *8 (May 26, 1999), quoting *Amerine* at 58. Therefore, the specific requirements of Civ.R. 15(D) and 3(A) were not met.

{¶16} Accordingly, we conclude that GEMS met its initial *Dresher* burden by demonstrating the absence of any genuine issues of material fact concerning the application of the applicable statute of limitations since the service of Evans' amended complaint did not relate back to the filing of her original complaint where she did not comply with the specific requirements of Civ.R. 15(D).[1] *See Dresher*, 75 Ohio St.3d at 292; *see also Mitluski* at *8 (recognizing that the service of an amended complaint did not relate back to the filing of the original complaint where the plaintiff failed to personally serve the defendant with a summons of

---

[1] We also note that although GEMS further argued in its motion for summary judgment and on appeal that the summons it received with the amended complaint did not contain the words "name unknown," Civ.R. 15(D) contains no such requirement for the summons issued with the amended complaint.

the original complaint and failed to include the words "name unknown" in the summons that was served upon the defendant).

{¶17} As GEMS satisfied its initial burden, the burden then shifts to Evans, as the non-moving party, to provide specific facts which would demonstrate the existence of a "genuine triable issue" with regard to the statute of limitations. *See Dresher* at 293. On appeal and in her response to GEMS' second motion for summary judgment, Evans argues that GEMS waived its insufficiency of process defense because it was not properly raised nor properly preserved. Evans does not dispute that GEMS raised the issue of insufficiency of process in its motion to dismiss filed prior to its answer or that she failed to comply with Civ.R. 15(D). Rather, Evans contends that since the trial court denied the motion to dismiss, GEMS was then required to "affirmatively indicate an intent to preserve that defense" in its answer.

{¶18} Generally, a challenge to a trial court's personal jurisdiction over a defendant must be raised either in its answer or by motion filed prior to its answer. *Suiter v. Karimian*, 9th Dist. Summit No. 27496, 2015-Ohio-3330, ¶ 13. "A defense of lack of jurisdiction over the person * * * or insufficiency of service of process is waived (a) if omitted from a motion in the circumstance described in [Civ.R. 12](G), or (b) if it is neither made by motion under [Civ.R. 12] nor included in a responsive pleading * * * ." Civ.R. 12(H)(1). However, in *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, the Supreme Court of Ohio held, "[w]hen the affirmative defense of insufficiency of process is properly raised and properly preserved, a party's active participation in the litigation of a case does not constitute waiver of that defense." *Id.* at syllabus.

{¶19} On appeal, Evans argues that the present case is distinguishable from *Gliozzo* because GEMS did not properly raise nor properly preserve the affirmative defense of

insufficiency of process because the trial court denied its motion to dismiss and GEMS did not expressly raise the affirmative defense of insufficiency of process in its answer. First, although Evans claims the trial court "rejected the insufficiency of service of process defense" when it denied GEMS' motion to dismiss, a review of the order denying the motion shows that the trial court summarily denied the motion without making any specific findings. Moreover, in its motion to dismiss, GEMS stated that it was raising the issue of insufficiency of process in its motion to dismiss in order to avoid waiver, but acknowledged "that the time period to effect service has not run, pursuant to Civ.R. 3[.]"

{¶20} A review of the record shows that Evans' original complaint was filed on November 9, 2014. Accordingly, pursuant to Civ.R. 3(A), if Evans was able to obtain service within one year of November 9, 2014, on a defendant identified as a "Doe defendant" whose name was later corrected pursuant to Civ.R. 15(D), the action is commenced. *See* Civ.R. 3(A). In this case, GEMS' motion to dismiss was filed on May 20, 2015, more than five months prior to the expiration of the time within which Evans was permitted by rule to serve the complaint upon any fictitiously named defendant whose name was properly corrected. Therefore, it is likely the trial court denied GEMS' motion to dismiss as it related to the affirmative defense of insufficiency of process merely because it was premature. Moreover, although GEMS' motion should have put Evans on notice that her attempted service was insufficient, she failed to correct the error by complying with Civ.R. 15(D) despite having more than five months to do so. "[T]he Ohio Rules of Civil Procedure govern the conduct of all the parties equally, and 'we cannot disregard [the] rules to assist a party who has failed to abide by them.'" *Gliozzo* at ¶16, quoting *Bell v. Midwestern Education Servs., Inc.*, 89 Ohio App.3d 193, 204 (2d Dist.1993).

**{¶21}** Second, with regard to the waiver of certain defenses, Civ.R. 12(H)(1) specifically provides as follows:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

"Thus, the defense of insufficiency of service of process is waived if a motion is made raising other Civ.R. 12(B) defenses and it is not included in that motion or, if there is no such motion, if it is not raised by separate motion or included in the responsive pleading." *Gliozzo* at ¶ 9. In this case, GEMS affirmatively raised the defense of insufficiency of process in its motion to dismiss prior to filing an answer and thus, preserved the defense. *See Suiter*, 2015-Ohio-3330 at ¶ 14 (recognizing that "[Civ.R. 12(B)] gives the pleader an option to assert the defense of lack of jurisdiction over the person either by way of a motion prior to any pleading or in the responsive pleading."), quoting *Maryhew v. Yova*, 11 Ohio St.3d 154, 157 (1984). Accordingly, we conclude that Evans did not meet her burden to demonstrate the existence of a "genuine issue of material fact" with regard to the statute of limitations. *See Dresher* at 293.

**{¶22}** Therefore, Evans' second assignment of error is overruled.

### Assignment of Error I

**In a case of negligent hiring, supervision or retention, the trial court erred in granting summary judgment for employer entities on grounds that (i) the plaintiff-victim of sexual battery did not file a civil case against the employee-perpetrator of assault within the one-year statute of limitations for civil assault and battery; and (ii) the employee-perpetrator will not be criminally convicted for the assault.**

**{¶23}** In her first assignment of error, Evans contends that the trial court erred by granting summary judgment to AGMC and GEMS. We agree.

**{¶24}** As an initial matter, we note that our resolution of Evans' second assignment of error renders this assignment of error moot as it pertains to GEMS only. *See* App.R. 12(A)(1)(c). Accordingly, we only consider this assignment of error as it pertains to AGMC.

**{¶25}** In its subsequent motion for summary judgment and in its merit brief, AGMC argues that Evans failed to demonstrate all of the elements to support a cause of action based on negligent hiring, supervision, or retention because: (1) AGMC did not employ the doctor who allegedly assaulted Evans; and (2) Evans had not brought suit against the doctor, and no court had found the doctor liable civilly or criminally.

**{¶26}** Under Civ.R. 56(C), summary judgment is appropriate when:

> (1)[no] genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple*, 50 Ohio St.2d at 327. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher*, 75 Ohio St.3d at 292. If the moving party satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293. A review of a trial court's grant of summary judgment is considered de novo. *Grafton*, 77 Ohio St.3d at 105. Accordingly, we apply the same standard as the trial court, viewing the facts in the light most favorable to the non-moving party and resolving any doubt in the favor of the non-moving party. *Viock*, 13 Ohio App.3d at 12; *Murphy*, 65 Ohio St.3d at 358-359.

> "To prove a claim of negligent hiring and retention, a plaintiff must show (1) [t]he existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries."

*Jones v. MTD Consumer Group, Inc.*, 9th Dist. Medina No. 13CA0093-M, 2015-Ohio-1878, ¶ 44, quoting *Zanni v. Stelzer*, 174 Ohio App. 3d 84, 2007-Ohio-6215, ¶ 8 (9th Dist.). "The elements of a negligent supervision claim are the same as those for negligent hiring or retention." *Browning v. Ohio State Highway Patrol*, 151 Ohio App.3d 798, 2003-Ohio-1108, ¶ 67 (10th Dist.).

## A. Employment Relationship

{¶27} In in its motion for summary judgment and in its merit brief, AGMC argues that Evan's claims against AGMC fail as a matter of law because AGMC did not employ the doctor. In support, AGMC points to Evans' amended complaint, wherein Evans does not allege that the doctor was employed by AGMC, but rather by GEMS and "assigned duties in the emergency room of [AGMC]". In her response, Evans contends that "the fact that emergency care physician services were provided by GEMS instead of AGMC is not a basis for summary judgment, since those services were provided in the emergency room of [AGMC]" and under Ohio law, "a hospital is responsible for the service providers in its emergency room, irrespective of whether it retains such providers as its own employees or delegates emergency room services to an independent contractor." *See Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 444-445 (1993).

{¶28} Although "[l]iability under a theory of negligent hiring/retention (also known as negligent credentialing, selection, supervision, and/or training) is not vicarious liability", "[w]ith respect to independent contractors, 'an employer may be directly liable for injuries resulting from its own negligence in selecting or retaining an independent contractor.'" *Erickson v. Management & Training Corp.*, 11th Dist. Ashtabula No. 2012-A-0059, 2013-Ohio-3864, ¶ 35, citing *Albain v. Flower Hosp.*, 50 Ohio St.3d 251, 257 and *Browing v. Burt*, 66 Ohio St.3d 544,

557 (1993); *See Jackson v. Hogeback*, 12th Dist. Butler No. CA2013-10-187, 2014-Ohio-2578, fn. 5 ("[F]or negligent hiring and retention claims, it is irrelevant if the worker is classified as an employee or an independent contractor as some sort of employment relationship existed, regardless of its type").

{¶29} Therefore, we conclude, as did the trial court, that in light of Evan's contention that the doctor was an independent contractor, AGMC's sole argument that the doctor was not its employee is not enough to show that there is no issue of material fact with regard to whether an employment relationship existed between AGMC and the doctor. *See Dresher* at 293. We note, however, that (1) this conclusion should not be understood on remand to be a determination that an employment relationship did exist between AGMC and the doctor; and (2) although an employment relationship may exist, an employer's duty to supervise an independent contractor is still dependent upon the specific facts and circumstances of each case. *See Jackson* at fn. 5.

**B. Employee Liability for Plaintiff's Injuries**

{¶30} Next, AGMC argues in its motion for summary judgment and merit brief that Evans "cannot establish liability against AGMC because she has not established liability against [the doctor who allegedly assaulted her]". Specifically, AGMC contends that since the statute of limitations on any civil claim for assault and battery against the doctor has run and because no criminal charges have been brought against the doctor, "AGMC cannot be held *vicariously* liable for his actions." (Emphasis added.)

{¶31} AGMC relies on a statement made by the Supreme Court in *Strock v. Pressnell*, 38 Ohio St.3d 207, 217 (1988), which states, "an underlying requirement in actions for negligent supervision and negligent training is that the employee is individually liable for a tort or guilty of a claimed wrong against a third person, who then seeks recovery against the employer." AGMC

contends that this language requires Evans to establish liability against the doctor prior to being able to establish liability against AGMC and since the statute of limitations has run on a potential civil claim and the doctor has never been charged criminally, Evans cannot show the liability of the doctor and "AGMC cannot be held vicariously liable for his actions."

**{¶32}** However, AGMC's argument incorrectly assumes that a claim for negligent hiring, retention, or supervision is based on a theory of vicarious liability. *See Erickson*, 2013-Ohio-3864 at ¶ 35, citing *Albain*, 50 Ohio St.3d at 257 and *Browing*, 66 Ohio St.3d at 557 (as noted above, claims for negligent hiring, retention, or supervision are not based on vicarious liability). "'[T]he vicarious liability of an employer for torts committed by employees should not be confused with the liability an employer has for his own torts. An employer whose employee commits a tort may be liable in his own right for negligence in hiring or supervising the employee * * * [b]ut that is not vicarious liability.'" *Simpkins v. Grace Brethren Church of Del.*, 5th Dist. Delaware No. 13 CAE 10 0073, 2014-Ohio-3465, ¶ 49, quoting Kenneth S. Abraham, *The Forms and Functions of Tort Law*, 166, (2d Ed.2002). Indeed, with the exception of *Strock* all of the case law cited by AGMC in support of its argument examines claims of vicarious liability. *See Krause v. Case W. Reserve Univ.*, 8th Dist. Cuyahoga No. 70712, 1996 Ohio App. LEXIS 5784 (Dec. 19, 1996) (respondeat superior); *Radcliffe v. Mercy Hosp. Anderson*, 1st Dist. Hamilton Nos. C-960424, C-960425, 1997 Ohio App. LEXIS 1997, 3-4 (May 14, 1997) (vicarious liability for the alleged negligent of the hospital's agents); *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, ¶ 1-2 (agency by estoppel for negligence of independent contractor).

**{¶33}** Initially, we note that AGMC cites to no authority interpreting the statement in *Strock* to mean that a party is required to show liability of the employee through either a civil or criminal action against the individual employee. Nonetheless, we believe AGMC has

misconstrued the Supreme Court's statement in *Strock*. First, the statement does not limit the "underlying requirement" in actions for negligent hiring, supervision, or retention to circumstances where "the employee is individually liable for a tort". *Strock* at 217. Instead, the Supreme Court also recognized an alternative "underlying requirement" where an employee is "guilty of a claimed wrong against a third person." *Id*. Although the word "guilty" is used in the statement, it is telling that the Supreme Court did not use the words "found" or "crime". Second, there is a difference between never having had a cause of action and not pursuing a cause of action. Third, negligent hiring, supervision, and retention is based on a theory of direct liability and not secondary or vicarious liability. *See Erickson*, 2013-Ohio-3864 at ¶ 35, citing *Albain*, 50 Ohio St.3d at 257 and *Browing*, 66 Ohio St.3d at 557; *See* R.C. 2305.10.

{¶34} Therefore, after careful consideration, we conclude that the Supreme Court's statement in *Strock* merely stands for the proposition that a plaintiff must allege and prove a wrong recognized as a tort or crime in the state of Ohio within the statute of limitations for negligent hiring, supervision, and retention as determined by the legislature. *Contra Bishop v. Miller*, 3d Dist. Defiance Nos. 4-97-30, 4-97-31, 1998 Ohio App. LEXIS 1526 (Mar. 26, 1998) (holding that since a pastor could not be held liable for sexual battery due to the statute of limitations, the plaintiff could not maintain a cause of action against the church for negligent supervision).

{¶35} Therefore, we conclude that AGMC did not meet its initial *Dresher* burden to show that there were no issues of material fact as to whether the doctor who allegedly assaulted Evans was guilty of a claimed wrong against her.

## C. Foreseeability

{¶36} Finally, AGMC argues on appeal that Evans does not point to any evidence in her merit brief of AGMC's knowledge of any criminal propensities on the part of the doctor who allegedly assaulted her and "ignores the requirement of demonstrating an issue of fact on proximate cause in her appellate brief." However, AGMC did not raise any of these arguments in its motion for summary judgment below. "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12. Accordingly, AGMC's arguments concerning its knowledge and the issue of proximate cause are not properly before this court and we decline to address them.

{¶37} Therefore, Evans' first assignment of error is sustained as it pertains to AGMC only.

### III.

{¶38} Evans' first assignment of error as it pertains to AGMC is sustained, however, it is not considered as to GEMS because it is moot. Evans' second assignment of error is overruled. Therefore, the judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Affirmed in part,
reversed in part,
and remanded.

———

There were reasonable grounds for this appeal.

16

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

---

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
CONCURS.

CALLAHAN, J.
DISSENTING.

{¶39} In *Strock v. Pressnell*, 38 Ohio St.3d 207, 217 (1988), the Ohio Supreme Court wrote that in negligent supervision cases, "an underlying requirement * * * is that the employee is individually liable for a tort or guilty of a claimed wrong against a third person, who then seeks recovery against the employer." When given its plain meaning, this language is clear. Despite the development of the law of negligent hiring, supervision, and retention in the years since the Court decided *Strock*, the Court has neither clarified nor retreated from it. For these

reasons, I am compelled to dissent from the majority's resolution of the final part of the first assignment of error.

{¶40} For more than twenty years, Ohio courts have articulated the elements of a claim for negligent hiring, supervision, and retention as follows:

> "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries."

*Evans v. Ohio State Univ.*, 112 Ohio App.3d 724, 739 (10th Dist.1996), quoting *Ruta v. Breckenridge-Remy Co.*, 6th Dist. Erie No. E-80-39, 1980 Ohio App. LEXIS 12410, * 7. *See also Zanni v. Stelzer*, 174 Ohio App.3d 84, 2007-Ohio-6215, ¶ 8 (9th Dist.). The Ohio Supreme Court has never adopted this formulation. *See*, *e.g.*, *Ruta v. Breckenridge-Remy Co.*, 69 Ohio St.2d 66, 69-70 (1982). Nonetheless, its otherwise wide acceptance provides a necessary starting point for analyzing negligent hiring, supervision, and retention claims.

{¶41} Viewed through this framework, *Strock* addresses a narrow issue: What conduct will be considered "the employee's *incompetence*" such that an employer will be held to a standard of reasonable care for hiring, supervising, or retaining any employee when harm results to another? Will any misconduct suffice? Must the allegation of misconduct fall within the definition of a tort or criminal statute? Or must the employee be actually liable for a tort or guilty of a criminal act for the element of "incompetence" to be established? In *Strock*, the Ohio Supreme Court chose the latter course.

{¶42} In *Strock*, the plaintiff sued a member of the clergy for professional malpractice, intentional infliction of emotional distress, breach of fiduciary duty, fraud, misrepresentation, and nondisclosure. *Id*. at 210. After determining that the claims against the tortfeasor were not

viable, the Supreme Court addressed the claims against the church that alleged liability based on agency principles and claims of negligent supervision and negligent training. *Id*. at 217. The Court recognized that claims based on agency principles were distinct from negligent supervision and negligent training, but nonetheless concluded that in both scenarios, "an underlying requirement * * * is that the employee is individually liable for a tort or guilty of a claimed wrong against a third person, who then seeks recovery against the employer." *Id.*

{¶43} The plain meaning of "liable" is to be "bound or obligated according to law or equity"; to be "guilty" is to be "justly chargeable with or responsible for a delinquency, crime, or sin." *Webster's Third New International Dictionary* 1010, 1302 (1993). The use of these terms in *Strock* makes it clear that claims based on agency theory *and* negligent hiring, supervision and retention are both premised upon liability for some wrong by an employee against a third person. In other words, the plain meaning of these terms indicates that it is not sufficient to allege and prove a wrong in the context of a negligent hiring, supervision, or retention claim: liability must exist. In order to establish liability, there must first be a claim. Consequently, in this case, where no separate claim for wrongdoing was asserted against the doctor, where such a claim is now barred by the statute of limitations, and where all parties agree that no criminal action will be taken against the doctor, there can be no liability.

{¶44} I acknowledge that the *Strock* standard has been inconsistently applied and, in many cases, omitted from the relevant analysis. *See*, *e.g.*, *Kerans v. Porter Paint Co.*, 61 Ohio St.3d 486, 493 (1991); *Collins v. Flowers*, 9th Dist. Lorain No. 04CA008594, 2005-Ohio-3797, ¶ 33 ("This Court has held that in order to establish a claim of negligent hiring, a plaintiff must demonstrate that the employer knew or should have known of the employee's criminal or tortious propensities."). Nonetheless, the Ohio Supreme Court has referenced this language in

*Strock* as recently as 2009 and has offered no guidance on its application. *See Natl. Union Fire Ins. Co. v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, ¶ 23.

**{¶45}** I believe that unless and until the Ohio Supreme Court offers guidance regarding the plain language of the single sentence at issue in this case, this Court is bound to apply its plain meaning. Consequently, the trial court did not err in its application of *Strock*, and the decision of the trial court should be affirmed.

**{¶46}** I respectfully dissent.

APPEARANCES:

KONRAD KIRCHER and RYAL MCGRAW, Attorneys at Law, for Appellant.

STUART S. MERMELSTEIN, Attorney at Law, for Appellant.

ANNA MOORE CARULAS and TAMMI J. LEES, Attorneys at Law, for Appellee.

STEPHEN W. FUNK, Attorney at Law, for Appellee.

MARTIN T. GALVIN and STEPHAN C. KREMER, Attorneys at Law, for Appellee.