[Cite as *McConnell v. Jordan*, 2018-Ohio-5052.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ERIC MCCONNELL

    Appellant

    v.

GARY L. JORDAN

    Appellee

C.A. No.     17CA011198

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    14CV185155

DECISION AND JOURNAL ENTRY

Dated: December 17, 2018

TEODOSIO, Judge.

**{¶1}** Eric McConnell appeals the judgment of the Lorain County Court of Common Pleas entering summary judgment against him on his claims for breach of contract and unjust enrichment. We affirm

I.

**{¶2}** In May 2014, Eric McConnell, dba McConnell Motor Sports, and Gary Jordan of Sunny Valley Land Co. II LLC ("Sunny Valley") signed a real estate purchase agreement whereby Mr. McConnell agreed to buy property located in Wellington, Ohio, from Mr. Jordan for $130,000.00. The contract provided:

> **3. Closing.** All funds and documents necessary for the completion of this transaction shall be placed in escrow with the title company on or before August 2, 2014[,] and title shall be transferred on or about August 7, 2014. Seller shall deliver possession to Buyer zero days after transfer of title.

The contract further provided: "Any changes or modifications must be in writing signed by both parties."

{¶3} On August 11, 2014, an e-mail was sent by Kathy Frombaugh, the attorney for Mr. Jordan, to David Sustar, the vice-president of finance for McConnell Excavating Ltd., regarding the property purchase, stating in part: "It sounds like progress is being made on the sale. I wanted to inform you that Gary expects rent[1] to be paid up to date before he signs the papers transferring property." On August 13, 2014, Ms. Frombaugh sent another e-mail to Mr. Sustar informing him that: Mr. Jordan was "very upset" with the amount of time that the transaction was taking; Mr. McConnell had breached the contract by not completing it by August 7, 2014; Mr. Jordan was not willing to extend the purchase agreement any longer; and notice would be sent to Mr. McConnell that he had breached the purchase agreement.

{¶4} In December 2014, Mr. McConnell filed his complaint against Mr. Jordan and Sunny Valley, followed by an amended complaint in October 2015, alleging, in pertinent part, claims for breach of express contractual agreement and unjust enrichment. In February 2017, the trial court granted summary judgment in favor of Mr. Jordan and Sunny Valley on the breach of contract claim, but denied the motion for summary judgment as to the claim for unjust enrichment. In August 2017, the trial court modified its ruling and granted summary judgment in favor of Mr. Jordan and Sunny Valley on the claim for unjust enrichment. Mr. McConnell now appeals, raising two assignments of error.

---

[1] Although not pertinent to this appeal, Mr. McConnell alleged he entered into an oral lease with Jordan to rent the property for $2500.00 per month until closing. Mr. Jordan has argued that no lease existed because Mr. McConnell did not sign the proposed lease that was sent to him.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN GRANTING SUNNY VALLEY'S MOTION FOR SUMMARY JUDGMENT ON McCONNELL'S CLAIM FOR BREACH OF CONTRACT.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN GRANTING SUNNY VALLEY'S MOTION FOR SUMMARY JUDGMENT OF McCONNELL'S CLAIM FOR UNJUST ENRICHMENT.

{¶5} Mr. McConnell's brief to this Court presents his first and second assignments of error together and provides one line of argument, which he contends "applies similarly to both assignments of error." Accordingly, we review both assignments together.

{¶6} Mr. McConnell argues the trial court erred by granting summary judgment because the contract in question was mutually altered by the parties. We disagree.

{¶7} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358–359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and

questions of credibility must be resolved in the nonmoving party's favor. *Perez v. Scripps–Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶8} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶9} In granting summary judgment on the claim for breach of contract, the trial court stated:

> The Real Estate Purchase Agreement (REPA) clearly states "all funds and documents necessary for the completion of this transaction shall be placed in escrow with the title company on or before August 2, 2014 [* * *.]" The clear and unambiguous language of the contract, including a specific date, indicates Plaintiff's necessary performance, which Plaintiff admitted he did not fulfill. In construing all of the evidence in the light most favorable to Plaintiff, the Court finds that the Plaintiff has failed to establish all of the essential elements of a breach of contract claim.

{¶10} Mr. McConnell argues that the contract was mutually altered by the parties, stating: "McConnell and Sunny Valley both effectively modified the written Real Estate Purchase Agreement contract by agreeing to alter the terms by their own respective actions as evidenced by the exchange of e[-]mails * * *."

{¶11} "'Although this Court conducts a *de novo* review of summary judgment, it is nonetheless a *review* that is confined to the trial court record.  The parties are not given a second chance to raise arguments that they should have raised below.'"  (Emphasis sic.) *Roberts v. Reyes*, 9th Dist. Lorain No. 10CA009821, 2011-Ohio-2608, ¶ 9, quoting *Owens v. French Village Co.*, 9th Dist. Wayne No. 98CA0038, 1999 Ohio App. LEXIS 3789, *3-4 (Aug. 18, 1999). "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12.  Mr. McConnell did not raise any argument as to contract modification in his brief in opposition to Mr. Jordan and Sunny Valley's motion for summary judgment.[2] Accordingly, his argument is not properly before this Court and we therefore decline to address it. *See Evans v. Akron Gen. Med. Ctr.*, 9th Dist. Summit No. 28340, 2018-Ohio-3031, ¶ 36.

{¶12}  Mr. McConnell's first and second assignments of error are overruled.

III.

{¶13}  Mr. McConnell's first and second assignments of error are overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

---

[2] Mr. McConnell's arguments regarding the purchase agreement were limited to his contention that he "did comply with the conditions precedent that would entitle him to performance of the contract, along with the contention that Mr. Jordan failed to meet his condition precedent to place a deed in escrow.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MARK A. STUCKEY, Attorney at Law, for Appellant.

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellee.