[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Evans v. Akron Gen. Med. Ctr.*, Slip Opinion No. 2020-Ohio-5535.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-5535

EVANS, APPELLEE, *v.* AKRON GENERAL MEDICAL CENTER ET AL.,
APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Evans v. Akron Gen. Med. Ctr.*, Slip Opinion No. 2020-Ohio-5535.]

*Torts—Negligent hiring, retention, or supervision of an employee—Summary judgment—A plaintiff need not show that an employee has been adjudicated civilly liable or found guilty of a crime for the plaintiff to maintain a negligent hiring, retention, or supervision claim against the employer—Judgment affirmed and cause remanded to the trial court.*

(Nos. 2019-0284 and 2019-0453—Submitted March 10, 2020—Decided December 8, 2020.)

APPEAL from and CERTIFIED by the Court of Appeals for Summit County, No. 28340, 2018-Ohio-3031.

_____

**DONNELLY, J.**

{¶ 1} Appellant, Akron General Medical Center ("AGMC"), asks this court to hold that AGMC is not liable for a cause of action for negligent hiring, retention, or supervision unless its employee who allegedly committed the wrongful act underlying the cause of action was either adjudicated civilly liable or found guilty of a criminal offense. We disagree with that proposition, answer the Ninth District Court of Appeals' certified questions relating to the proposition in the negative, and affirm the judgment of the court of appeals reversing the trial court's grant of summary judgment to AGMC on that issue.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellee, Malieka Evans, filed a complaint on November 9, 2014 in the Summit County Court of Common Pleas alleging that she had been sexually abused, assaulted, and battered while seeking treatment at the AGMC emergency room on November 9, 2012. Evans claimed that AGMC's staff had administered a narcotic medication to her and that one of its employees, Dr. Amir H. Shahideh, then sexually assaulted her by engaging in nonconsensual touching of Evans that was unrelated to the injuries that had caused her to seek treatment. Evans claimed that the sexual abuse that she had experienced was the direct result of AGMC's negligent hiring, supervision, or retention of Dr. Shahideh. On July 21, 2016, the trial court granted summary judgment to AGMC based on Evans's failure to have filed a cause of action against Dr. Shahideh and her inability to establish his civil liability or guilt of a criminal offense:

> In order for [Evans] to succeed on [her] claims for negligent hiring, negligent supervision, or negligent retention, [she] must be able to show that the employee is individually liable for a tort or guilty of a claimed wrong. [Evans] did not file a civil cause of action against Dr. Shahideh for civil battery within the one-year statute of limitations. As a result, Dr. Shahideh cannot be found liable for the

tort of civil battery. With regarding to criminal charges for sexual battery or rape, the twenty-five year statute of limitations has yet to expire.

[Evans] has "stipulate[d] to the Court that there are no pending criminal charges against Dr. Shahideh; that the criminal case was investigated and closed; and there is no expectation that the criminal case will be reopened." * * * "[T]here is no longer an issue for trial as to whether Dr. Shahideh is criminally 'guilty of a claimed wrong.' "

{¶ 3} The Ninth District reversed the trial court's grant of summary judgment to AGMC. It reasoned that a plaintiff is required to "prove a wrong recognized as a tort or crime in the state of Ohio within the statute of limitations" to support its claim for negligent hiring, supervision, or retention, 2018-Ohio-3031, ¶ 34, but that there is no requirement that a plaintiff prove that an employee of the defendant has been found by a court to be civilly liable or guilty of a criminal offense regarding the employee's conduct, *id.* at ¶ 33-34.

{¶ 4} The Ninth District certified to this court two questions of law, we determined that a conflict exists between its decision in this case and the decision in *Bishop v. Miller*, 3d Dist. Defiance Nos. 4-97-30 and 4-97-31, 1998 Ohio App. LEXIS 1526 (Mar. 26, 1998), and we ordered briefing on the following questions:

1. Is a claim asserted against an employer for negligent hiring, supervision, or retention limited by the statute of limitations governing the employee's alleged misconduct?

2. Does the language of *Strock v. Pressnell*, 38 Ohio St.3d 207, 217[, 527 N.E.2d 1235] (1988), require that a plaintiff show the

liability of an employee in order to maintain a negligent hiring, supervision, or retention action against an employer?

156 Ohio St.3d 1403, 2019-Ohio-2156, 123 N.E.3d 1025. We also accepted AGMC's request for discretionary review of the following proposition of law:

If no viable cause of action exists against an employee, such that an employee can no longer be found liable for an alleged wrong, a plaintiff cannot maintain a cause of action against an employer for negligent hiring, supervision, or retention.

*See* 156 Ohio St.3d 1404, 2019-Ohio-2156, 123 N.E.3d 1028.

## ANALYSIS

### *Negligent Hiring, Supervision, or Retention*

{¶ 5} The court of appeals applied a five-part test in determining whether the trial court had correctly granted summary judgment to AGMC on Evans's claim of negligent hiring, supervision, or retention, which requires proof of the following: " ' "(1) [t]he existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries." ' " (Brackets sic.) 2018-Ohio-3031 at ¶ 26, quoting *Jones v. MTD Consumer Group, Inc.*, 2015-Ohio-1878, 32 N.E.3d 1030, ¶ 44 (9th Dist.), quoting *Zanni v. Steltzer*, 174 Ohio App.3d 84, 2007-Ohio-6215, 880 N.E.2d 967, ¶ 8 (9th Dist.). We have never adopted that test and it is not necessary to do so now. Rather, we focus solely on whether Evans has shown enough with respect to the fourth element of the test applied by the court of appeals to survive summary judgment.

**{¶ 6}** The second certified question asks: "Does the language of *Strock v. Pressnell*, 38 Ohio St.3d 207, 217[, 527 N.E.2d 1235] (1988), require that a plaintiff show the liability of an employee in order to maintain a negligent hiring, supervision, or retention action against the employer?" AGMC's proposition of law related to that question states, "If no viable cause of action exists against an employee, such that an employee can no longer be found liable for an alleged wrong, a plaintiff cannot maintain a cause of action against an employer for negligent hiring, supervision, or retention." We find the second certified question and AGMC's proposition of law to be inextricably intertwined. They both involve the question whether the fourth element of the five-part test employed by the court of appeals—whether the employee's act or omission caused the plaintiff's injuries—has been satisfied by AGMC in this case. We express no opinion as to the validity of the five-part test used by the court of appeals or whether Evans has satisfied the elements of that test aside from the test's fourth element. Again, we focus solely on whether Evans has shown that there is a genuine issue of material fact with respect to the fourth part of the test to survive AGMC's motion for summary judgment.

**{¶ 7}** In *Strock*, this court determined that an employer's liability for the hiring, supervision, or training of an employee is premised on the employee's having committed some act that the law regards as wrongful. *Id.* at 217. We stated that "an underlying requirement in actions for negligent supervision and negligent training is that the employee is individually liable for a tort or guilty of a claimed wrong against a third person, who then seeks recovery against the employer." *Id.*; *see also Natl. Union Fire Ins. Co. of Pittsburgh v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, ¶ 23.

**{¶ 8}** In its merit brief, AGMC construes our language in *Strock* as meaning that "[t]his court [has] explicitly determined that because the employee was not independently liable of any alleged tort, his employer could not be liable for the

failure to supervise or train the employee when no tort or crime was actually committed." AGMC essentially argues that with respect to *Strock*'s requirements, Evans has not established AGMC's liability because she has failed to show either Dr. Shahideh's civil liability or criminal guilt. That interpretation misapprehends a key component of our decision in *Strock*: the fact that the alleged wrongdoer's actions in that case were not legally wrongful. *Id.* Our decision in *Strock* can easily be distinguished because of the difference in the facts of that case and those involved in this case.

{¶ 9} The issue in *Strock* was not whether the employee could have been found liable for a tort or guilty of a crime, as opposed to the situation here, in which Dr. Shahideh was not named as a defendant and the trial court determined that Dr. Shahideh could not be held liable for a tort and had not been found guilty of a crime. The key issue in *Strock* was that, however morally reprehensible the employee's conduct (which involved having an affair with a married parishioner) had been, the employee had done nothing that was legally cognizable as a wrong. Based on the allegations in this case, Dr. Shahideh allegedly did something that is legally cognizable as wrongful: the sexual abuse a patient. Whether he can be found civilly liable or guilty of a crime is quite different from whether his conduct was legally wrongful.

{¶ 10} For the foregoing reasons, we answer the second certified question in the negative and hold that a plaintiff need not show that an employee has been adjudicated civilly liable or has been found guilty of a crime by a court in order for the plaintiff to maintain a negligent hiring, retention, or supervision claim against an employer. This holding is consistent with our decision in *Schelling v. Humphrey*, 123 Ohio St.3d 387, 2009-Ohio-4175, 916 N.E.2d 1029, ¶ 30, in which we determined that a doctor's "lack of amenability to suit does not in and of itself extinguish [a plaintiff's] negligent-credentialing claim against [a] hospital." A negligent hiring, retention, or supervision action is a direct claim against an

employer, based on an employee's conduct that the law regards as wrongful that would not have occurred but for the employer's failure to properly hire, supervise, or retain the employee. *See Albain v. Flower Hosp.*, 50 Ohio St.3d 251, 257, 553 N.E.2d 1038 (1990), *overruled on other grounds*, *Clark v. Southview Hosp. & Family Health Ctr*, 68 Ohio St.3d 435, 628 N.E.2d 46 (1994). In *Albain*, a case involving the alleged liability of a hospital for the acts of a physician with staff privileges, we noted that "an employer may be directly liable for injuries resulting from its own negligence in selecting or retaining an independent contractor." *Id.* And in *Browning v. Burt*, 66 Ohio St.3d 544, 557, 613 N.E.2d 993 (1993), we stated, "Negligent credentialing claims arise out of the *hospital's* failure to satisfy its independent duty to grant and continue staff privilege only to competent physicians." (Emphasis sic.)

{¶ 11} We conclude that the court of appeals did not err when it determined that to satisfy the fourth element of the five-part test it used to determine whether a negligent hiring, retention, or supervision claim can survive summary judgment, a plaintiff must establish that an employee committed a wrong recognized as a tort or crime in the state of Ohio, and not that the wrong has been proven to be tortious or criminal in a court proceeding. We further conclude that AGMC has not met its burden under the summary-judgment standard. Genuine issues of material fact relating to Dr. Shahideh's purported conduct—the alleged sexual assault—and whether such conduct was legally wrongful still exist. Accordingly, the grant of summary judgment is inappropriate.

### *Statute of Limitations*

{¶ 12} The first certified question asks: "Is a claim asserted against an employer for negligent hiring, supervision, or retention limited by the statute of limitations governing the employee's alleged misconduct?" Our analysis above effectively answers this question, given that it is not necessary for an employee— in this case Dr. Shahideh—to have been found civilly liable or guilty of a crime by

a court in order for a plaintiff to maintain an action against an employer for negligent hiring, supervision, or retention. The employee must be shown to have committed an act that is legally wrongful, irrespective of whether he or she has been or can be held legally accountable. We see no reason to conclude that the statute of limitations for a negligent hiring, supervision, or retention claim is affected by the statute of limitations governing the underlying legally wrongful conduct of the employee.

{¶ 13} Moreover, in the trial court, neither AGMC nor Evans disputed the term of the statute of limitations for a negligent hiring, supervision, or retention claim. The court of appeals relied on R.C. 2305.10 in determining that the applicable statute of limitations is two years. 2018-Ohio-3031 at ¶ 9. Because Evans's claim is directly against AGMC for its negligent hiring, supervision, or retention, it makes little sense for us to establish a statute of limitations that shifts depending on the facts of the employee's underlying tort or crime instead of deferring to R.C. 2305.10(A).

{¶ 14} The alleged sexual assault giving rise to Evans's cause of action occurred on November 9, 2012. She filed her lawsuit on November 9, 2014, which was (just barely) within the two-year statute of limitations. Thus, Evans's claim was timely filed. We answer the first certified question in the negative.

## CONCLUSION

{¶ 15} We answer both of the questions certified by the Ninth District Court of Appeals in the negative. We also reject AGMC's proposition of law. We affirm the judgment of the Ninth District. Accordingly, we remand the cause to the trial court for further proceedings consistent with this opinion.

Judgment affirmed

and cause remanded.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, and STEWART, JJ., concur.

_____

Kircher Law Office, L.L.C., and Konrad Kircher; and Herman Law and Stuart S. Mermelstein, for appellee.

Reminger Co., L.P.A., Brian D. Sullivan, and Aaren R. Host, for appellant.

Paul W. Flowers Co., L.P.A., Paul W. Flowers, and Louis E. Grube, urging affirmance for amicus curiae Ohio Association for Justice.

The Law Firm of Kami D. Brauer, L.L.C., and Kami D. Brauer, urging affirmance for amicus curiae Ohio Employment Lawyers Association.

Rendigs, Fry, Kiely & Dennis, L.L.P., Jeffrey M. Hines, and Ryan J. Dwyer, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

Tucker Ellis, L.L.P., Susan M. Audey, and Elisabeth Arko, urging reversal for amicus curiae Academy of Medicine of Cleveland & Northern Ohio.

Frantz Ward, L.L.P., Michael J. Frantz, and Ryan T. Smith, urging reversal for amicus curiae Ohio Management Lawyers Association.

_____